**UNITED STATES of America,**
**Appellee,**

v.

**Jesse PHILLIPS and Angel Fernandez,**
**Appellants.**

**No. 331, Docket 25598.**

United States Court of Appeals
Second Circuit.

Argued June 8, 1959.

Decided Sept. 14, 1959.

Theodore Krieger, New York City, for appellant Jesse Phillips.

John J. Duff, New York City, for appellant Angel Fernandez.

John A. Guzzetta, Asst. U. S. Atty., Southern District of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Kevin Thomas Duffy, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before HINCKS and LUMBARD, Circuit Judges, and SMITH, District Judge.

LUMBARD, Circuit Judge.

Jesse Phillips and Angel Fernandez were tried jointly before Judge Levet, sitting without a jury, for conspiring to violate 21 U.S.C.A. § 174, prohibiting the receipt, concealment, purchase or sale of narcotic drugs. In addition, Phillips was charged with a sale of heroin in violation of 21 U.S.C.A. § 174. From their convictions for these crimes and sentences for five years each, both defendants appeal.[1]

The government agent's testimony as to his meetings with Phillips and Fernandez and the conversations had at a bar, over the telephone, on the street and at Phillips' apartment amply support

1. Charles Petey Smith was tried with the two appellants above and acquitted by the court.

the convictions for conspiracy and Phillips' conviction for the sale of 427 grains of heroin, as Judge Levet carefully detailed in his opinion dictated at the conclusion of the trial.

The defendants rested without taking the stand or calling any witnesses.

■ There is no basis for the claim that the defendants were entrapped. The evidence is crystal clear that they were ready and willing to procure and sell narcotics and that they were engaged in that business.

■■ Fernandez urges that the government failed to prove a prima facie case against him. We do not agree. His talks with the government agent showed him agreeable to advancing the agent's request to purchase heroin. That Fernandez mistakenly thought cocaine was wanted instead of heroin can make no difference. The charge was not limited to cocaine but was stated to concern "narcotic drugs." Indeed, his report of his ability to supply cocaine merely confirms the charge. Nor is it necessary that all conspirators participate to the same degree in fulfillment of the conspiracy. United States v. Harding, 1936, 65 App. D.C. 161, 81 F.2d 563. Fernandez' claim of abandonment of the conspiracy on March 12th cannot absolve him of what he had said and done to further the conspiracy from March 6th to March 12th. Regardless of whether or not he abandoned the conspiracy when he told Agent Peterson in a telephone talk on March 12th that he was unable to furnish narcotics, he had conspired up to that time and that is enough to warrant his conviction.

■■ There is no merit to the appellants' other contentions. The claim of fatal variance between the charge of conspiracy from September 4, 1956, to the filing of the indictment on August 13, 1958, has no merit. Fernandez makes no showing that he was prejudiced by the alleged variance, which he claims arose from the Government's attempt to introduce evidence regarding transactions in September, 1956, with which he was not concerned. This evidence was later ordered stricken from the record. Fernandez was convicted solely on account of his conspiratorial activities in March, 1958, as Judge Levet's decision clearly shows. Where the evidence which raises a question whether the proof concerns two unrelated conspiracies has been stricken, there can be no claim of variance. Cases such as United States v. Russano, 2 Cir., 1958, 257 F.2d 712, are inapplicable. Whatever claim of prejudice might be made because such evidence has been heard, although later rejected, is entitled to no weight where the court is the trier of the facts.

Affirmed.