**UNITED STATES of America, Appellee,**

v.

**David REEVES, Defendant-Appellant.**

**No. 555, Docket 29613.**

United States Court of Appeals Second Circuit.

Submitted June 15, 1965.

Decided June 28, 1965.

David Reeves, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City (Daniel Donnelly, and John E. Sprizzo, Asst. U. S. Attys., of counsel), for appellee.

Before KAUFMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

Appellant was convicted of violation of narcotics laws, 21 U.S.C. §§ 173 and 174 (1958) and 26 U.S.C. §§ 4705(a) and 7237(b) (1964).

Appellant claims that his constitutional rights were violated by the use of certain of his own statements purportedly made in the absence of counsel and without advice as to his constitutional rights. The statements to which he refers were, first, a statement to the effect that he might at some indefinite time have handled some cocaine "just once" and, second, that he remembered an unspecified "something" about heroin. There is a question as to whether these statements can properly be classified as admissions since they do not appear to be incriminating. But even if they were improperly admitted we do not consider the error sufficient to justify a reversal, especially since the case was tried by a judge sitting without a jury.

"[I]n reviewing proceedings before a judge alone, appellate courts may presume that improper evidence and comments have been rejected, at least absent a showing of substantial prejudice." In re Bonanno, 2d Cir., 344 F.2d 830, April 30, 1965.

"It is presumed that in reaching a decision the trial judge has rejected improper evidence. This rule is particularly applicable where the evidence of guilt is strong and convincing, as in the case here." Teate v. United States, 297 F.2d 120, 122 (5th Cir. 1961).

Appellant's other specifications of error are equally without merit.

Affirmed.