Timothy George ELLEDGE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20319.

United States Court of Appeals Ninth Circuit.

April 4, 1966.

Rehearing Denied May 12, 1966.

David K. Yamakawa, Jr., San Francisco, Cal., for appellant.

William P. Copple, U. S. Atty., Henry L. Zalut, Morton Silver, Asst. U. S. Attys., Phoenix, Ariz., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge:

Appellant stands convicted of the crime of interstate transportation of counterfeiting equipment,[1] and has appealed from judgment. The transported equipment consisted of a check protector which was established to be property of the appellant and was received in evidence at trial over appellant's objection. At issue is his right to suppression of that evidence upon the ground that it was obtained by unlawful search and seizure.

█ The search and seizure occurred in appellant's motel room in Phoenix, Arizona. Present were appellant, his codefendant and two police officers. No search warrant had been secured. The check protector was enclosed in a package and at the time was on the floor. An officer inquired of appellant as to what was in the package and appellant responded: "I don't know. It's not mine." At the direction of the officer the codefendant then opened the package.

Such disclaimer of ownership by the appellant is analogous to abandonment. Cf. Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). In both cases the same message, by act or word, is delivered to the officer: that as to the actor or speaker there is no interest which would be invaded by search or seizure. Lack of warrant does not under these circumstances render search or seizure unreasonable as to the actor or speaker.

We conclude that it was not error to deny appellant's motion to suppress or to admit the check protector in evidence.

█ Appellant also attacks the indictment, contending that the facts there set forth are insufficient to constitute a crime. He asserts that the check protector was as innocent a device as a fountain pen and that interstate transportation of such equipment is no crime.

By Title 18 U.S.C., § 2314, (1964) (which the indictment closely follows), the offense does not depend on the criminal character of the thing transported, but on the fraudulent purpose of the transportation. We conclude that the indictment was sufficient.

Affirmed.

---

1. The one-count indictment of appellant and a codefendant reads:

"THE GRAND JURY CHARGES:

On or about the 30th day of September, 1964, the said TIMOTHY GEORGE ELLEDGE and BYRON THOMAS STOCKS did, with fraudulent intent, transport or cause to be transported in interstate commerce from Reno, State and District of Nevada, to Phoenix, State and District of Arizona, a tool or implement; to-wit: a paymaster check protector, Series T550, being a thing used or fitted to be used in falsely making or counterfeiting a security in violation of Title 18, U.S.C., Section 2314."