**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie OLIVER, Defendant-Appellant.**

**No. 15479.**

United States Court of Appeals
Seventh Circuit.

July 12, 1966.

Certiorari Denied Oct. 17, 1966.
See 87 S.Ct. 216.

Stanley A. Bass, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Lawrence Jay Weiner, Patrick F. Healy, Edwin I. Katz, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG, Circuit Judge, and GRUBB, District Judge.

HASTINGS, Chief Judge.

Willie Oliver, defendant-appellant, appeals from his conviction, upon a verdict of guilty after trial by the district court, on all counts of a six-count indictment charging unlawful reception, concealment, purchase, and sale of narcotics, and facilitation of narcotics transportation, and assault on narcotics agents who were performing their official duties, in violation of 21 U.S.C.A. § 174, 26 U.S.C.A. § 4705(a), and 18 U.S.C.A. § 111.[1]

---

1. "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000." 21 U.S.C.A. § 174.

"It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such arti-

The sufficiency of the evidence to support the verdict is not challenged on appeal. As error, Oliver primarily assigns the refusal of the trial court to dismiss the indictment and to exclude certain evidence obtained through alleged violation of Oliver's constitutional rights.

The facts relevant to the contentions on this appeal are as follows. Upon being informed that he was under arrest for violation of federal narcotics laws, Oliver fled. A federal agent pursued him, but Oliver resisted arrest, scuffled with the agent, and ran away a second time. As Oliver ran, another agent confronted him and attempted to stop him, but Oliver assaulted him. Oliver broke away, but was subdued by a third agent.

Charges were brought against Oliver before the United States Commissioner on October 27, 1965. The Commissioner ordered his temporary commitment and set bail at $10,000. The following day an attorney was appointed for Oliver, and, on motion of Oliver to reduce bond, a district court judge reduced Oliver's bond to $1,000, with the special condition that Oliver report periodically to his court-appointed counsel.

On November 4, 1965, following the return of the grand jury indictment against Oliver, another judge of the district court issued a bench warrant for Oliver and fixed his bond at $50,000.

Since he could not meet his new bond, Oliver, on November 8, 1965, moved for reduction of bail. The judge, impressed by the fact that Oliver had violently resisted arrest and that he might, therefore, have violent proclivities, refused to reduce bail; but, in view of the preventive detention thus imposed, the judge also advanced the date of trial, which was held on November 15, 1965.

During Oliver's first commitment to jail on October 27, 1965, jail officials obtained information from Oliver for the purpose of filling out a routine history card. The information elicited from Oliver and entered on the card revealed that Oliver was a user of narcotic drugs, that he had used such drugs since he was seventeen, and that he had needle marks on his arm.

While Oliver was in jail following his second commitment, upon failure to meet the higher bail set for him, he was treated by a nurse employed by the jail. The nurse opened a jail hospital record for Oliver and entered on it the fact that Oliver was an addict and that he was given a drug to ease withdrawal symptoms.

This information, together with the jail record information concerning the use of drugs, was introduced by the Government at the trial, on rebuttal, after Oliver in his testimony on cross-examination denied addiction to and use of heroin.

At the trial on November 15, 1965, Oliver moved to dismiss the indictment on the ground that it was constitutionally void because the members of the grand jury returning the indictment were required, by means of their oath, to state a belief in God. This motion was denied. Oliver then waived trial by jury.

During the trial, Oliver testified that he had never been arrested or convicted of any narcotics violations and that he had never been involved in narcotics violations prior to the date of the narcotics sale for which he was indicted.

On cross-examination, the Government asked Oliver, over objection, whether he was an addict or had ever used heroin. Oliver denied addiction to and use of narcotics.

---

cle is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate." 26 U.S.C.A. § 4705(a).

"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

"Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both." 18 U.S.C.A. § 111.

On rebuttal, the Government was permitted to introduce by means of Oliver's jail records, over objection, direct evidence that Oliver was an addict and had used heroin.

On appeal, the bail set by the United States Commissioner is asserted to have been unreasonably high and to have been made without appropriate inquiry to ascertain the lowest bond which would assure the presence of the defendant. It is argued that the action of the Commissioner, in setting such high bail and in failing to appoint counsel immediately, caused Oliver's incarceration, and that, as a result of such incarceration, incriminating evidence that Oliver was a narcotics addict was obtained. It is also urged that since Oliver's jailers did not warn him as to his constitutional rights prior to eliciting information from him, the admission of the allegedly incriminating evidence obtained by his jailors constitutes reversible error.

■■ We agree that under Rule 46 (c),[2] Federal Rules of Criminal Procedure, 18 U.S.C.A., the bail set by both the Commissioner and later by the district court *may* have been excessive, particularly in view of the lack of any inquiry into the amount of bond which would "insure the presence of the defendant," and in view of the improper preventive detention rationale of the district court. We do not agree, however, that the setting of high bail prejudiced Oliver or that the evidence of narcotics use and addiction subsequently gained by Oliver's jailors was inadmissible for that reason.

■ We do not find the admitted evidence of narcotics use and addiction incriminating with respect to the crimes with which Oliver was charged: sale of narcotics, resisting arrest, and assault. Addiction to narcotics is not itself a crime. Robinson v. State of California,

370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Furthermore, given the necessities of jail administration and requirements of responsible and humane treatment of prisoners, the possible disorder, suffering, and unmanageable, involuntary behavior caused in addicts by the internal physical storms of withdrawal, demand that jail officials attempt, without coercion, to learn of possible drug use by their prisoners.

■ No showing has been made that the information elicited from Oliver while he was in jail, and later used by the Government for impeachment purposes only, was coerced or was elicited for any purpose relating to proof of the crimes with which Oliver was charged. The admission of addiction was not an admission or confession of guilt with respect to the crimes charged. Consequently, the contentions with respect to high bail and the failure of Oliver's jailors to admonish him as to his constitutional rights do not persuade us that Oliver has been prejudiced or that the evidence of narcotics use and addiction should have been suppressed.

■ Oliver has also contended that it was improper for the Government to bring out the evidence of addiction. While the Government need not have gone into the matter of Oliver's addiction on cross-examination, we do not think that the Government exceeded the scope of direct examination in doing so. Oliver's denial of addiction on cross-examination clearly made the Government's evidence with respect to addiction relevant on the Government's rebuttal.

Finally, we note the trial court's remarks respecting the alleged inadmissible evidence:

"The court could eliminate entirely the evidence on the question of whether or not this defendant is an addict, or any of the evidence as to his questions

---

2. "If the defendant is admitted to bail, the amount thereof shall be such as in the judgment of the commissioner or court or judge or justice will insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant." Rule 46(c), Federal Rules of Criminal Procedure, 18 U.S.C.A.

and answers given at the County Jail, and still the evidence is so overwhelming that there isn't any doubt at all in the court's mind of this defendant's guilt and the government proved him guilty, absent any evidence at all with reference to what transpired at the County Jail."

" * * * credibility is not the major question involved in the case, on whether or not he used narcotics. He wasn't being tried on that question here. His charge is that he was selling narcotics, and on that question, as I say, that is the material question involved here, and on that question the evidence is just overwhelming, no defense."

 While we would agree with Oliver that the trial court's remarks did not amount to striking from the record the evidence objected to by Oliver, it is clear that the trial court did not consider the evidence relevant or significant to the crimes charged in the indictment. In the face of such statements, we do not find that evidence brought in to challenge Oliver's credibility had any significant effect on the trial court's considerations. The trial was to the court and not by jury, and we presume, absent a showing of substantive prejudice, that the trial court placed the evidence in proper perspective. United States v. Reeves, 2 Cir., 348 F.2d 469 (1965).

For the foregoing reasons, we hold that neither the high bail nor the admission of evidence of Oliver's use of and addiction to narcotics resulted in a violation of Oliver's constitutional rights.

We find no merit in Oliver's further contention that the failure of the United States Commissioner to provide him with counsel at his initial appearance, although counsel was appointed for him the next day, constituted prejudicial error.

Finally, Oliver has argued that his indictment was void because the members of the grand jury returning it were required to declare a belief in God when their oath was administered to them. While members of a grand jury cannot be required to state a belief in God as a prerequisite for grand jury service, see Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961), the fact that the grand jurors may be said to have expressed a belief in God when making their oath, has not been shown to have prejudiced Oliver in any way. Furthermore, we do not perceive that the words "solemnly swear" and "so help me God", as used in the traditional grand jury oath, amount to a requirement or expression of a belief in God.

We wish to express our appreciation to Mr. Stanley A. Bass, of the Chicago Bar, for his able representation of Oliver, as court-appointed counsel, both at trial and on appeal.

The judgment of conviction appealed from is affirmed.

Affirmed.