Richard Elmer **WOODRING**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 8848.

United States Court of Appeals Tenth Circuit.

Oct. 27, 1966.

William K. Hickey, Denver, Colo., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before PHILLIPS and SETH, Circuit Judges, and DOYLE, District Judge.

SETH, Circuit Judge.

Appellant was found guilty by a jury on a one count indictment charging appellant and another man with a violation of 18 U.S.C.A. § 371, in conspiring with a third person, a woman, to transport a car in interstate commerce knowing it to be stolen and to transport with unlawful intent forged checks knowing them to have been forged (18 U.S.C.A. §§ 2312 and 2314).

Prior to trial appellant moved that certain items proposed to be used as evidence be suppressed on the ground that they were secured by an illegal search and illegal arrest. The motion was denied.

On this appeal appellant urges that it was error to admit the seized items, which were the checks upon which the charges were based, and error was committed in permitting an FBI agent to testify as to what one of the conspirators named in the indictment had told him during a post arrest interrogation.

The record shows that appellant and the two other persons named as conspirators in the indictment were arrested by Oklahoma state officers at about midnight on May 7–8 and placed in jail. The three were questioned separately by an agent of the FBI about noon of May 8. One of these persons was a Miss Hill who was seventeen or eighteen years of age, and who was thereafter released without being charged. At the trial Miss Hill did not appear as a witness but the FBI agent testified as to what she had told him during the questioning at the jail. This included her description of the activities of the three of them while in California before traveling to Nevada and to Oklahoma. This testimony of the agent, in repeating what Miss Hill had told him, implicated appellant.

The appellant objected on several occasions to this testimony of the agent on the ground it was hearsay, but the objection was overruled, apparently on the ground that the statements of Miss Hill were binding on the others. However at the time the statements were made the record shows that the appellant, his codefendant, and Miss Hill had been arrested and jailed, and the car and the checks seized by the police. Statements made by Miss Hill thereafter could not be in furtherance of the conspiracy nor of its objects because it had come to an end. On very similar facts we expressly so held in Gay v. United States, 322 F.2d 208 (10th Cir.), and held also the admission of such postconspiracy statements was reversible error. When the conspiracy ends the theory that the participants are agents for each other has no further validity, and statements thereafter made are not admissible against the others. Such statements are then no different from any other hearsay. Greer v. United States, 227 F.2d 546 (10th Cir.). " * * * After the conspiracy has come to an end, * * * the admissions of one conspirator, by way of narrative of past facts, are not admissible in evidence against the others." Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429; Cleaver v. United States, 238 F.2d 766 (10th Cir.). The ending of a conspiracy depends upon the particular facts. Cleaver v. United States, supra. The conspiracy here charged had ended because all the named conspirators were in jail, the car seized, and the checks seized.

Since the testimony of the FBI agent as to what Miss Hill had told him during the course of the questioning at the jail was not admissible and proper objection was made, it was error to admit it. This error was prejudicial to the appellant when the entire proceedings are examined. The testimony included a description of other crimes committed by at least some of the conspirators named in the indictment, and it otherwise implicated appellant. It is clear that the case would have been much dif-

ferent at the close of the Government's proof had this testimony been excluded. It is obvious that "a conviction will not be disturbed on appeal where from a careful examination of the whole record it is apparent that the error was not prejudicial and did not deprive the accused of a substantial right." Wright v. United States, 301 F.2d 412 (10th Cir.); Berger v. United States, 295 U.S. 78; Rule 52(a), Fed.R.Crim.P. However, here the error was prejudicial within the above standards, and the case must be reversed and remanded.

The appellant urges as an additional ground for reversal the refusal of the trial court to exclude evidence he asserts was seized during an illegal search. This evidence consisted of checks and what were described as "false drivers' licenses." These items were contained in a "brown box" or "cracker box" which was in the car when the occupants were arrested. It appears that this box was removed from the car by Miss Hill when she went to the police car on the way to jail; however, upon arrival at the jail she left it in the police car. One of the arresting officers noticed that she had left it and went back later to the police car and opened the box. Other items had been removed by the officers from the car in which the appellant was riding at the time of the arrests, but this box had not.

The contents of the box, according to the testimony of appellant at the hearing on the motion to suppress this evidence, did not belong to him, and the box had not been in his suitcase. It appears that this box was among the effects of Miss Hill. The appellant asserts that the box and its contents were wrongfully seized by the police, in that the search of the car in which he was riding was wrongful, and the subsequent seizure and opening of the box was also wrongful.

■ The appellant argues at some length about the legality of the arrest of the occupants of the car as related to the opening of the box. The record shows that Miss Hill removed the box from the car, and she then left it in the police car in which she had been riding after her arrest as described above. Under these circumstances, did the officer, upon returning to the car later knowing Miss Hill had left the box there, have the right to open it and seize the contents, and if not, could appellant object?

We are not concerned with the "premises" as in a typical search question. Instead we have an item of personal property or "papers" and "effects" under the fourth amendment. These "effects" were in the possession of Miss Hill when placed in the police car, and there is nothing to show that she did not have at least the right of possession. Appellant testified that the box had theretofore been in Miss Hill's suitcase, and that its contents were not his property.

The appellant, in these circumstances, has not shown as he must do that he is within the protection of the fourth amendment; that he is an aggrieved party who can complain of the search. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Villano v. United States, 310 F.2d 680 (10th Cir.); Rule 41(e), Fed.R.Crim.P. The circumstances do not invoke the exception to the requirement that an "interest" in the box seized and opened must be shown. It is not a prosecution "turning on illicit possession," as in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, or in Simpson v. United States, 346 F.2d 291 (10th Cir.). Thus the accused must demonstrate that he comes within the constitutional protection by showing that he has standing, that his rights were violated, that his effects were unreasonably searched, and this he has failed to do. See Elledge v. United States, 359 F.2d 404 (9th Cir.); United States v. Grosso, 358 F.2d 154 (3d Cir.). The evidence contained in "the box" was therefore properly admitted.

Reversed and remanded.