**UNITED STATES of America,**
**Appellee,**

v.

**Ashley Patrick WELDON, Appellant.**

**No. 74, Docket 31003.**

United States Court of Appeals
Second Circuit.

Argued Sept. 27, 1967.

Decided Oct. 30, 1967.

As Amended Nov. 22, 1967.

T. F. Gilroy Daly, Fairfield, Conn., for appellant.

David Margolis, Asst. U. S. Atty., for Dist. of Connecticut (Jon O. Newman, U. S. Atty., on the brief), for appellee.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Ashley Patrick Weldon was convicted of the interstate transportation of a stolen motor vehicle with the knowledge it was stolen, in violation of 18 U.S.C. § 2312, in the United States District Court for the District of Connecticut before Judge Clarie, sitting without a jury. At the conclusion of the government's case, the defense rested. Weldon was found guilty, and he appeals. We find no error, and affirm the conviction.

Evidence was introduced at trial tending to show that appellant was in possession, in July and August 1965, of a 1965 maroon-red Plymouth matching the description of an automobile reportedly stolen on June 24 of that year in Huntsville, Alabama, and bearing a Georgia marker plate issued to appellant for a 1956 Cadillac. There was, in addition, evidence tending to show that appellant was in possession of the Plymouth on June 24 in Pulaski, Tennessee, approximately 50 miles distant from Huntsville.

In August 1965, a special agent of the FBI located a 1965 maroon Plymouth matching the description of the stolen car. (How specifically it matched the description was not fully brought out at trial. See the discussion below.) Attached to the exterior of the vehicle was the Georgia marker plate issued to appellant. There was no one in the vehicle at the time. The agent opened the car door and noted the vehicle identification number on the doorpost. It matched the number which had been given the agent as that of the auto reported stolen in Huntsville. The agent then examined the glove compartment and found a Georgia registration certificate which purported to show that the vehicle was registered to appellant. The agent had the car impounded.

Appellant, now represented by other counsel than his counsel at the trial, advances five contentions on appeal. The first is that this court erred in denying his motion to remand the case for a hearing on the conduct of trial counsel. It appears that appellant's trial counsel and the prosecuting attorney discussed the case prior to trial. An affidavit filed by the government on appellant's previous motion to remand shows that in that conversation the prosecution disclosed the substance of the government's evidence, while appellant's trial counsel told the prosecutor

only that appellant would take the stand and deny the theft, and that he believed that the indictment incorrectly described the vehicle. This affidavit stands uncontradicted. Appellant contends only that a hearing is necessary to establish a record on which to base an argument that the pretrial conferences might have had a prejudicial effect on his trial. But appellant does not suggest what prejudicial effect might have occurred, and there appears to be no reason to depart from this court's prior ruling.

Appellant's second contention is that it was error for the court below to sit as trier of the facts, because Judge Clarie had knowledge of appellant's previous activities other than by means of the evidence introduced at trial, and was reminded of this knowledge by the government, and was thus prejudiced against appellant. At the close of the government's case, the prosecutor offered as evidence a certified copy of a warrant of arrest issued by Judge Clarie charging appellant with failure to appear for trial, including the Marshal's return indicating appellant was arrested pursuant to that warrant in Georgia. Appellant's objection to the offer was sustained.

■ Appellant's brief is vague on the point, but by reference to "a fair and impartial trial" and rights "guaranteed by the Constitution," he seems to suggest that it is invariably a violation of a defendant's right to due process of law for a judge who has issued a warrant charging defendant with failure to appear for trial to then sit at defendant's trial as trier of the facts. This court is cited to no authority, and we have found none, to support this proposition. Appellant has adduced no evidence of prejudice on the part of Judge Clarie. The contention is plainly without merit.

■ The government's brief interprets appellant's argument to be merely that there was prejudicial error when the warrant was offered as evidence. Such an argument is without foundation, for as this court has recently stated, appellate courts may presume that improper evidence and comments have been reject-

ed when the trial is to the Court alone, at least absent a showing of substantial prejudice. United States v. Reeves, 348 F.2d 469 (2d Cir. 1965), cert. denied 383 U.S. 929, 86 S.Ct. 936, 15 L.Ed.2d 848. See also In re Bonanno, 344 F.2d 830 at 834 (2d Cir. 1965). Cf. United States v. Phillips, 270 F.2d 175 (2d Cir. 1959). No such showing has been made here. It should be noted that appellant neither moved for a mistrial nor moved to strike the prosecution's description of the proposed exhibit. In the circumstances, the court below was justified in believing that appellant was satisfied with the ruling sustaining his objection. United States v. Indiviglio, 352 F.2d 276 (2d Cir. en banc, 1965), cert. denied 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663.

■ Appellant next urges that the government's evidence did not conform to the charge set forth in the indictment, and that the alleged variance is fatal. The indictment charged an offense on or about June 12, 1965, whereas the proof was of a theft occurring on June 24. The date charged was prior to the date of the indictment and within the Statute of Limitations, and this is sufficient, at least where, as here, no prejudice appears, and no bill of particulars was requested. Alexander v. United States, 271 F.2d 140 (8th Cir. 1959); Gregory v. United States, 364 F.2d 210 (10th Cir. 1966), cert. denied 385 U.S. 962, 87 S. Ct. 405, 17 L.Ed.2d 307.

■■ Appellant also points out that the indictment charged that he transported a red Plymouth Belvedere Sedan from Huntsville, Alabama to West Hartford, Connecticut, whereas there was no testimony placing him in or about Huntsville, and the government's evidence referred to a maroon Plymouth Satellite. It was open to the court to infer from evidence of appellant's possession of the car in Connecticut that he had transported it in interstate commerce with the knowledge that it was stolen, and evidence of his presence in Huntsville was not essential. See McIntosh v. United States, 341 F.2d 448 (8th Cir. 1965), cert. denied 381 U. S. 947, 85 S.Ct. 1778, 14 L.Ed.2d 711.

The manufacturer, year, and vehicle identification number specified in the indictment matched the government's proof. No facts have been alleged from which it could possibly be inferred that the appellant might have been misled or prejudiced, and the indictment was certainly specific and accurate enough to protect appellant from subsequent jeopardy for the same offense. It was therefore sufficient. United States v. Crowder, 346 F.2d 1 (6th Cir. 1964), cert. denied 382 U.S. 909, 86 S.Ct. 249, 15 L.Ed.2d 161.

■ Appellant's fourth contention is that the court below erred in finding that appellant had possession of the vehicle in Pulaski, Tennessee. It is not clear that such a finding was made, but in any case there is substantial evidence that appellant was in possession of the vehicle in Connecticut, and that it was stolen in Alabama, and this is sufficient to support the finding of guilt. McIntosh v. United States, supra; cf. United States v. DeSisto, 329 F.2d 929 (2d Cir. 1964), cert. denied 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747.

Appellant's fifth and final point is that the court below erred in permitting evidence obtained by an illegal search and seizure to be introduced at trial. (As the government points out in its brief, appellant's precise objection must be that the action of the agent in opening the car door and observing the vehicle identification number was unreasonable and in violation of appellant's Fourth Amendment rights, and that this made the subsequent search of the glove compartment also illegal.) Assuming, without passing on the point, that appellant initially had standing to object to the admission of the evidence, he still cannot succeed here.

■ Appellant is precluded from attacking the validity of the search by his failure to file a motion for the return of property and suppression of evidence pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. One who, having the opportunity, fails to file such a motion forfeits his right to challenge the admission of the evidence as being illegally obtained. United States v. Sheba Bracelets, 248 F.2d 134 (2d Cir. 1957), cert. denied 355 U.S. 904, 78 S.Ct. 330, 2 L.Ed.2d 259. Cf. United States v. Watts, 319 F.2d 659 (2d Cir. 1963). And see Jones v. United States, 362 U.S. 257 at 264, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Appellant's claim of timely objection to the admission of the evidence is not accurate. Appellant never claimed specifically at trial that the description of the stolen car furnished the FBI agent was insufficient to afford probable cause to examine the vehicle identification number. Appellant objected to an offer of evidence of information given the agent as to the status of the stolen car, on the ground that it was hearsay. The objection was overruled, and that ruling is not now challenged. Appellant later objected to admission of the registration found in the glove compartment on the ground that it was obtained without a search warrant. Had appellant's objections been more specific, going to the issue of probable cause for the search, the government could have introduced evidence to counter them. It would have been a simple matter to elicit the details of the car's description given by the police to the FBI, but defendant refrained from challenging the insufficiency of the description testified to on trial. Thus appellant cannot now take advantage of any purported error in the admission of the evidence. United States v. Gitlitz, 368 F.2d 501 (2d Cir. 1966), cert. denied 386 U.S. 1038, 87 S.Ct. 1492, 18 L.Ed.2d 602. See also United States v. Costello, 381 F.2d 698 (2d Cir. 1967).

Courts of Appeals in at least two circuits have suggested that the mere opening of a car door to check the vehicle identification number *never* constitutes a search, much less an unreasonable one. Cotton v. United States, 371 F.2d 385 (9th Cir. 1967); Weaver v. United States, 374 F.2d 878 (5th Cir. 1967). We need not reach that question here.

Judgment of conviction affirmed.