**Lawrence B. HAVELOCK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 680–69.**

United States Court of Appeals, Tenth Circuit.

June 18, 1970.

Rehearing Denied July 24, 1970.

Peter H. Ney, Englewood, Colo., for appellant.

Frederick D. Hess, Atty., Dept. of Justice, Washington, D. C. (James L. Treece, U. S. Atty., Denver, Colo., on the brief) for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Havelock appeals his conviction under 18 U.S.C. § 32 for wilfully setting fire to an airplane while in flight and being operated in interstate commerce. A jury trial was waived and, after hearing the evidence and recording its findings, the trial court found the accused guilty as charged. Appellant now argues that prejudicial testimony and prejudicial exhibits were erroneously admitted into evidence and that, excluding that evidence, the remaining proof was insufficient to convict.

When reviewing the transcript and exhibits to determine a sufficiency question, this Court has repeatedly held that the evidence is viewed in the light most favorable to the government. Furthermore, we do not weigh conflicting evidence or consider the credibility of witnesses.[1] To determine the sufficiency of the evidence, we look to see if there is direct and circumstantial evidence, along with all reasonably drawn infer-

1. Phillips v. United States, 406 F.2d 599 (10th Cir. 1969); Collins v. United States, 383 F.2d 296 (10th Cir. 1967); Steiger v. United States, 373 F.2d 133 (10th Cir. 1967); Williams v. United States, 368 F.2d 972 (10th Cir. 1966).

ences, from which guilt may be ascertained beyond a reasonable doubt.[2]

It is uncontested that a fire occurred in the middle aft restroom during a Los Angeles to Denver flight on November 19, 1968, just a few minutes prior to landing in Denver. It is likewise undisputed that the fire did not result from any aircraft malfunction but was started either intentionally or accidentally. Two government expert witnesses testified that in their opinion the fire was incendiary, as opposed to accidental. Their testimony is convincing and is, in terms, not contradicted by appellant's expert. At most, the latter submitted that it could have been caused by a careless smoker. When viewed in a posture favorable to the prosecution, the evidence sufficiently infers a fire of incendiary origin.

As in most cases of wilful burning of another's property, because of the nature of the crime, direct evidence is seldom available to prove the accused's participation. The same is true of this case and, consequently, circumstantial evidence, plus reasonable inferences, must be relied on to establish the identity and wilfulness of the guilty person.

Appellant used the lavatory facilities three times during a period of one hour and ten minutes, each time for the ostensible purpose of shaving. On the initial trip he attempted to use his own razor but was unable to complete the task because the flight was too rough. Flight personnel and passengers testified that the flight was smooth and without turbulence until just outside Denver—long after the first shaving attempt. On the second trip appellant used a borrowed razor but apparently was unsuccessful since he later returned for a third attempt at a "better shave."

On the last journey to the lavatory, he was observed as nervous and almost overly polite. At this time he allowed other passengers to take his turn in all but the middle restroom. When it was empty, he entered and remained in it for about ten minutes, during which time the "fasten seat belt" sign was on and the aircraft was descending to Denver. As he exited, he was seen wearing yellow rubber gloves. Another passenger testified that upon returning to his seat, Havelock either stuffed a yellow object into his pocket or in between the seats. He was, without contradiction, the last person in the middle aft restroom. A few minutes later the door burst open and the fire was discovered.

Havelock asked another passenger what had happened and he answered that he did not know but that something must have blown up and there was a fire. Appellant then queried "Is there any wires on fire?" As smoke filled the cabin the passengers, including Havelock, were asked to move to the foreward part of the airplane. During the commotion and attempt to extinguish the fire, appellant was observed near seat 14–C where the yellow gloves containing pieces of matchbook covers were later found. He was also located near seat 11–C where other matching pieces of the matchbook covers were found in an ash tray. In the opinion of the head of the Denver Fire Department Arson Squad, "Undoubtedly a match has to be applied to something to leave this type of debris and damage to the floor itself."

■ We think the inferences here point directly at Havelock as the guilty party. The fire was incendiary in nature. Appellant was the last person in the lavatory prior to the fire, and he occupied the room for about ten minutes. It stretched the credulity of the trier of fact, and has the same effect on this Court, to say that if appellant did not set the fire, he could have overlooked an incendiary device that was placed on the floor of the lavatory prior to his occupancy. His demeanor during the entire flight, and particularly that just

**2.** Lewis v. United States, 420 F.2d 1089 (10th Cir. 1970); United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969); Bailey v. United States, 410 F.2d 1209 (10th Cir. 1969); Thomas v. United States, 409 F.2d 730 (10th Cir. 1969).

prior and subsequent to the fire; the statements made to other passengers; the admittedly bizarre behavior in wearing yellow gloves and the attempt to secrete them; and the crucial fact that appellant was the last visitor to the destroyed lavatory prior to the ignition of an incendiary fire, all convinces us that guilt was properly assessed by the trial court. Even though the proof was not as weighty as direct evidence, it was not so insufficient to require reversal; it is not equally consistent with innocence as with guilt. The inferences drawn were reasonable and sufficiently clear to support appellant's conviction.

We now turn to the allegedly prejudicial testimony and exhibits. Basically, the testimony is that of a Los Angeles hotel security guard relating events in a hotel six days prior to the aircraft fire. Gas odors had been reported and, upon investigation, appellant's room appeared to be the source. Upon gaining entry into the room, the guard detected a strong odor of gasoline and obvious traces of the fuel on the commode and sink top. In addition, a Pan Am flight bag containing a one gallon gasoline can was partially concealed under the bedspread. Appellant was then asked to leave the hotel.

After his arrest in Denver, among appellant's effects was found a Pan Am flight ticket from Los Angeles to Honolulu scheduled to depart November 13, 1968. In addition he had taken out a $60,000 insurance policy with his wife as beneficiary. The Honolulu flight was never taken.

Proof of these events was tendered along with the ticket and insurance policy near the conclusion the government's evidence and was offered to prove design, scheme and intent. The objection posed is that this evidence was irrelevant and prejudicial to appellant's case.

■ Wigmore draws a refined distinction between the admissibility of similar acts which evidence intent and those which evidence scheme or design.[3] When similar acts are introduced to prove intent, the act itself is assumed to be done and the object is to negative inadvertence or accident. In Fish v. United States, 215 F. 544 (1st Cir. 1914), the main case relied on by appellant, the defendant had been charged with burning a yacht with intent to prejudice the insurer. Because of the proof on the fire's cause, the only doubtful question was whether the defendant set the fire. The prosecution introduced evidence of two previous incidents where another yacht and a car of appellant's were burned. The court held this evidence inadmissible to negative any idea that the fire may have been accidental; that question simply was not before the jury. However, the court was not without question on its ruling, and proceeded to consider the alternatives.

In the case at bar, the evidence may be sufficiently clear on the incendiary nature of the fire to ultimately reduce the question to one of identity, not cause. Dealing only in the abstract, and momentarily ignoring practicalities, once the cause was established, the evidence as to intent became unnecessary because the fire, being incendiary, definitionally required wilfulness. That being the state of proof, the use of the hotel incident to show inadvertence or accident may have been unnecessary, but not prejudicial. Again recognizing practicalities although wilfulness could be inferred once it was established that the fire was incendiary, intent remained an unresolved issue until that time. It would be awk-

---

3. II Wigmore on Evidence (Third Ed.) §§ 302–304. Although the general rule is that independent criminal acts may not be used to prove the charged act, we have held on numerous occasions that such evidence may be admissible on issues of intent, motive, scheme or plan. See King v. United States, 402 F.2d 289 (10th Cir. 1968); Robinson v. United States, 366 F.2d 575 (10th Cir. 1966); Morgan v. United States, 355 F.2d 43 (10th Cir. 1966); Tandberg-Hanssen v. United States, 284 F.2d 331 (10th Cir. 1960).

ward to refuse evidence bearing on an element of the crime because, through hindsight, we are able to say that it proved unnecessary in the end.

■■ The generally applied rule is that when a case is tried by a court without a jury, it is presumed, absent an affirmative showing to the contrary, that only material and competent evidence is considered.[4] This presumption of correctness has not been rebutted by appellant. The argument on the prejudicial effect of the hotel incident is no more than a mere conclusory statement that because the evidence was admitted, the entire trial was tainted. This does not measure up to the standard of proving prejudicial error upon which reversal may be predicated.

■ Even if the evidence as to accused's intent was irrelevant, as suggested by appellant, it was not prejudicial error to have accepted it. Not every error occurring during a trial requires reversal; only errors which affect substantial rights are prejudicial.[5] The standard for determining prejudicial error is set forth in Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946): "But if one cannot say with fair assurance, after pondering all that happened without stripping that erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand."

Following the evidence and arguments, the court made a lengthy statement which served as a basis for the findings and conclusions. After determining the existence of a fire, its incendiary origin, and that appellant was responsible for setting it, the court commented on the wilfulness of the act. "Now it must be determined as to whether or not the act was wilful. Well, the usual definition that we give to this word in legal terms is that the act is intentional and with an awareness of what one is doing. Having found that the fire was of incendiary origin, it must necessarily follow, of course, that the person who set it did it intentionally, because otherwise it wouldn't be an incendiary act."

We say with fair assurance that if the evidence was properly admitted for the one purpose but inadmissible for the other, it did not substantially sway the judgment. The trial court recognized in the foregoing statement what we have heretofore pointed out—that having found the fire to be incendiary as opposed to accidental, no added evidence needed to be considered to prove the elements of 18 U.S.C. § 32. That was the crux of his decision and we are left with no grave doubts that if the evidence on intent was irrelevant, it did not have a prejudicial influence on the judgment.

■■ The government also tendered the evidence to prove scheme or design. When introduced for this purpose, the similar acts are admissible to show a design or system from which the setting of the fire charged may be inferred provided the other acts have common features indicating a common plan.[6] The prior acts must be similar in results and there must be "such a concurrence of common features that the various acts

4. *See* United States v. Wolff, 409 F.2d 413 (7th Cir. 1969); United States v. Smith, 390 F.2d 420 (4th Cir. 1968); United States v. Weldon, 384 F.2d 772 (2d Cir. 1967); Dedmore v. United States, 322 F.2d 938 (9th Cir. 1963); Moses v. Hudspeth, 129 F.2d 279 (10th Cir. 1942).

5. Rule 52(a), F.R.Crim.P., 18 U.S.C. *See* Woodring v. United States, 367 F.2d 968 (10th Cir. 1966); Brooks v. United States, 309 F.2d 580 (10th Cir. 1962).

6. II Wigmore on Evidence (Third Ed.) § 354.

are naturally to be explained as caused by a general plan of which they are the individual manifestations." [7]

Applying these rules to this evidence requires the conclusion that the evidence was not erroneously admitted. All of the facts and circumstances surrounding the incident at the hotel manifest sufficient common features to be of probative value in inferring the commission of the charged act. It would, in effect, be turning away from the obvious similarities and inferences and totally disregarding experience to refuse this testimony. The gasoline in the restroom of the hotel, the Pan Am flight ticket, and the Pan Am flight bag containing a partially filled gasoline can hidden under a bedspread, suggest too much to be labeled as irrelevant in this case. The sum of the hotel evidence illustrates sufficient fundamental features of a scheme which culminated in the fire aboard the airplane to be admissible at the trial.

The judgment is affirmed.

---

7. II Wigmore on Evidence (Third Ed.) § 304 at 202.