UNITED STATES of America, Appellee,

v.

Fred Robert WILLIAMS, Appellant.

No. 75–1933.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 2, 1975.

Decided Feb. 18, 1976.

**550**

Sterling H. Moore, Richmond, Va. (court-appointed), for appellant.

George P. Williams, Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Norfolk, Va., on brief), for appellee.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

Having waived a jury trial, Fred Robert Williams was convicted by the Court of possession of tools used to falsely make, forge, alter and counterfeit securities, in violation of 18 U.S.C. § 2315. On appeal he makes the following assignments of error: (1) admission of incompetent evidence; (2) failure of the government to establish the requisite interstate nexus; and (3) insufficiency of the evidence. Finding no merit in any of these contentions, we affirm.

On October 17, 1974, four FBI agents arrived at defendant's motel room in Henrico County, Virginia, seeking to interview him in regard to certain bank robberies.[1] After knocking and identifying themselves, the agents entered the room with defendant's consent.[2] During the course of the interview, the agents noticed a typewriter case in the corner of the room. Defendant informed the agents that it did not belong to him and that he had no idea to whom it belonged. The agents inquired if there were any other items in the room which did not belong to him and he indicated a brief case next to the night-stand. When asked by the agents if he objected to their opening the brief case he replied "no" since it was not his. The agents discovered in the brief case a checkwriter, credit cards, dozens of identification cards of people from all parts of the country, blank and cancelled checks, among other things. Defendant was then placed under arrest and advised that he would be taken to the FBI office, together with his belongings. Defendant proceeded to get toilet articles from a bag and one of the agents examined the contents of this bag to see if there were any weapons in it. He found a tube containing gold coins which he returned to the bag.

The agents later obtained a search warrant for the items which defendant admitted to be his. The search warrant listed "credit cards, blank checks, miscellaneous identification, and other paraphernalia used in the manufacture of fraudulent securities * * *." A u-seal-it plastic card, a red telephone index directory, a Jet-Air employee identification card in the name of Cornelius A. Zino with an attached photo of defendant, several photographs of defendant and others, and the tube of gold coins were found in defendant's belongings.

■ Defendant argues that the Court erred in denying his motion to suppress the items seized at the time of the agents' interrogation of the defendant at the motel on the ground that it was a warrantless search without consent and prior to arrest; and further that all the items seized under the search warrant were not listed in the search warrant even though the agents knew they were there. The record, however, shows that defendant voluntarily admitted the agents into his motel room, disclaimed ownership of the brief case and the typewriter case and stated that he had no objection to a search of the cases. His

---

1. There had been four bank robberies in the previous three months involving black males using rental vehicles with Virginia license tags. Since defendant fitted the broad profile, the agents had reason to believe that he might be a potential bank robber. This belief was reinforced by the fact that one of the robbery suspects was known to have stayed in a motel across the street from the motel where the defendant was staying.

2. Defendant argues that he had just awakened and was effectively overpowered by the mere presence of the agents and was incapable of giving voluntary consent. However, there is ample testimony that defendant "motioned" the agents to enter. *See, United States v. Watson* (1976) 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598, 44 L.W. 4726.

disclaimer is analogous to abandonment and made the cases subject to seizure. Defendant must demonstrate that he comes within the constitutional protection by showing that he has standing, that his rights were violated, that his effects were unreasonably searched, and this he has failed to do.[3] The evidence contained in the cases was therefore properly admitted.

■ As to the items seized under the search warrant, the Court granted defendant's motion to exclude several of the items discovered pursuant to the search warrant for lack of relevance and the government concedes on appeal that the red telephone index directory, the photographs and the gold coins should not have been admitted because they were not described in the warrant. If, however, any improper articles were seized under the warrant, the error, if any, in their introduction was harmless, since there was more than ample other evidence from which the guilt of defendant could be found.

■ Defendant argues, also, that there was insufficient evidence to support his conviction. He bases this argument upon what he claims was an absence of any evidence of interstate commerce nexus as required by the statute. The finding of the District Court, however, that a connection with interstate commerce was shown is sufficiently supported by the record to sustain his conviction: It was stipulated that the checkwriter had been manufactured in Illinois and sold to a company in Iowa from which it had been stolen,—it was found in a locked brief case next to the night-stand in defendant's motel room; by his own admission, the defendant was traveling through Richmond, Virginia, from Los Angeles, California; his association with a woman registered at a motel who gave her home address as California; and, finally, the stolen checks from California and identification cards of people from all over the country found in the brief case.

Considering the sufficiency of the evidence, taking the view most favorable to the government, as we must, there is substantial evidence to support the findings of guilt in this case. *United States v. Sherman* (4th Cir. 1970) 421 F.2d 198, 199, *cert. denied* 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970).

The judgment of the District Court is accordingly affirmed.

**3.** *Woodring v. United States* (10th Cir. 1966) 367 F.2d 968, 970; *Elledge v. United States* (9th Cir. 1966) 359 F.2d 404, 405; *United States v. Grosso* (3d Cir. 1966) 358 F.2d 154, 163; *Dud-* *ley v. United States* (D.C.Ga.1970) 320 F.Supp. 456, 462, n. 2; *cf. Abel v. United States* (1960) 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668. *See, also, United States v. Watson, supra.*