**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carl David BEAMAN,**
**Defendant–Appellant.**

**No. 80–5244.**

United States Court of Appeals,
Sixth Circuit.

Sept. 23, 1980.

Michael R. Dowling, Ashland, Ky., Lloyd E. Moore, Ironton, Ohio, for defendant–appellant.

Patrick H. Molloy, U. S. Atty., James Zerhusen, Asst. U. S. Atty., Lexington, Ky., for plaintiff–appellee.

Before WEICK, BOYCE F. MARTIN, Jr. and JONES, Circuit Judges.

## OPINION AND ORDER

BOYCE F. MARTIN, Jr., Circuit Judge.

Pursuant to Rule 9(a) of the Federal Rules of Appellate Procedure and 18 U.S.C. § 3147(b) defendant appeals from an order of the District Court imposing conditions of release prior to trial under 18 U.S.C. § 3146 and in accordance with Rule 26 of the Local Rules of Practice for the United States District Court for the Eastern District of Kentucky.

Carl David Beaman is in custody awaiting trial on a charge of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The court order requires the execution of bond in the amount of $400,000 to be secured by real property valued at twice the amount of the bond and located within the jurisdictional boundaries of the District Court. Thus Rule 26 as applied here obligates defendant to produce $800,000 of real estate located in the Eastern District of Kentucky in order to obtain release from custody pending trial.

Defendant asserts that the $400,000 bond is excessive in violation of the Eighth Amendment of the United States Constitution and asks this Court to reduce the amount. He also seeks to have declared unconstitutional those provisions of Rule 26 which require as security for bond real property within the jurisdictional boundaries of the trial court, valued at twice the face amount of the bond.[1] Finally he argues Rule 26 conflicts with 18 U.S.C. § 3146 which creates a right to release pending trial subject to conditions that will reasonably assure defendant's appearance.

 The right to bail prior to conviction under the Eight Amendment is not an absolute right. *Bloss v. People of State of Michigan*, 421 F.2d 903, 905 (6th Cir. 1970). However the Eighth Amendment does prohibit excessive bail. *United States v. Wind*, 527 F.2d 672 (6th Cir. 1975). We think the bond of $400,000 is excessive and an arbitrary application of Rule 26 under the facts of this case.

 Defendant argues that 18 U.S.C. § 3146, as the statutory counterpart to the Eighth Amendment excessive bail prohibition, does not permit the use of the conditions enumerated in Rule 26. However, it is noted that Section 3146(a)(5) permits the imposition of "any other condition" so long as it is "reasonably necessary to assure appearance." We do not think Rule 26 conflicts with Section 3146 on its face. The more difficult question for us to resolve, however, is whether the conditions of release placed upon defendant here, including those prescribed by Rule 26, amount to the imposition of "excessive bail." The test for excessiveness is not whether defendant is financially capable of posting bond but whether the amount of bail is reasonably calculated to assure the defendant's appearance at trial. *United States v. Wright*, 483 F.2d 1068, 1070 (4th Cir. 1973). We do not think $800,000 in real property within the Eastern District of Kentucky demonstrates a reasonable calculation.

The record reveals that defendant's mother and brother own property in Ohio and West Virginia and are willing to post it as surety although the value of those properties is not in the record before us. Defendant's employment and financial records

---

1. XXVI Bail and Surety on Bonds . . . (f) In all criminal prosecutions the clerk and the U.S. commissioners shall refuse to accept as surety upon bail bonds all professional bondsmen or surety companies unless specifically authorized so to do in exceptional cases. One or more sureties shall be required upon each bail bond and must qualify as the owner of real estate in fee simple over and above his debts, liabilities and homestead exemptions of twice the face value of the bond. Said real estate must be located in the Eastern District of Kentucky and fully identified on the face of the bond in the affidavit of qualification.

are not included in the record. He has maintained legal residence in Kentucky his entire life. He was convicted in federal court on making a false statement to obtain a firearm. He has also been convicted on various burglary charges. There is no evidence he has ever failed to appear in court. The evidence against defendant presented at the preliminary hearing consists of a thumbprint on a newspaper left in the bank, an alleged oral admission to FBI agents, and the statement of an unidentified informant.

■■■ Factors to be considered in imposing conditions of release are the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings. 18 U.S.C. § 3146(b). Contrary to the Government's assertion in the present case, the defendant's inclination to commit other crimes is not a permissible consideration. *United States v. Oliver*, 363 F.2d 15, 18 (7th Cir. 1966), *cert. denied*, 385 U.S. 904, 87 S.Ct. 216, 17 L.Ed.2d 135 (1966). Consideration of the facts available in this case weighed alongside the factors discussed leads to the conclusion that bail should be in an amount substantially less than the bail set by the District Court.

Unquestionably this case demonstrates an arbitrary application of Rule 26. Because the potential for arbitrariness is so strong, we find Rule 26(f) of the Rules of Practice for the Eastern District of Kentucky is in conflict with the purposes of the federal bail bond statute, 18 U.S.C. § 3146, and therefore is not applicable in the present case. In light of the facts of this case we set bail in the amount of $50,000, the terms of which are covered by such provision of 18 U.S.C. § 3146 as may reasonably be applied by the District Court.