**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Helene STAHL, Defendant-Appellant.**

No. 84–5349.

United States Court of Appeals,
Ninth Circuit.

Feb. 21, 1985.

Robert J. Perry, Crossan R. Andersen, Los Angeles, Cal., for plaintiff-appellee.

**1512**

Maria E. Stratton, Overland, Berke, Wesley, Gits, Randolph & Lavanas, Peter M. Horstman, Los Angeles, Cal., for defendant-appellant.

Before SNEED, KENNEDY, and BOOCHEVER, Circuit Judges.

## ORDER

The appellant requests us to rule that the district court may not decline, as a matter of course, to accept encumbered real property as security for the release of a defendant, pending trial on criminal charges. *See* 18 U.S.C. § 3142. We recognize that a rigid policy not to accept real property that is encumbered even by nothing more than a first deed of trust raises substantial statutory and constitutional questions. *See United States v. Beaman,* 631 F.2d 85 (6th Cir.1980). The question is complicated by the Government's contention that it has no ability to protect its equity interest when there is a sale under the first deed of trust. We decline to reach the merits of this question, as we conclude the present case does not squarely present the issue. This court ordered that the encumbered real property be accepted, and the Government has no objection to the terms and conditions of our ruling. The defendant shall remain at large on the bond previously set in this case.

It is so ordered.