**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roger FRAZIER, Defendant-Appellant.**

**No. 85–5191.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 1985.

Decided Oct. 1, 1985.

Robert C. Bonner, U.S. Atty., Robert L. Brosio, Asst. U.S. Atty., Jeffrey Modisett, Los Angeles, Cal., for plaintiff-appellee.

Peter M. Horstman, Carlton F. Gunn, Los Angeles, Cal., for defendant-appellant.

Before WALLACE, POOLE, and NORRIS, Circuit Judges.

PER CURIAM:

On July 22, 1985, Frazier was arraigned on a complaint before a magistrate. Subsequently, the government stipulated to the setting of a $25,000 appearance bond, with no cash deposit, secured by real property. A magistrate set bond accordingly. On August 1, the government moved for reconsideration. The magistrate declined to revoke the release order, but he increased the bond to $75,000 and added the condition that the property used to secure the bond be unencumbered.

On August 5, Frazier was arraigned before the district court on an indictment charging that he aided and abetted in bank robbery, use of dangerous weapons, and taking of hostages in commission of a robbery. On August 6, Frazier moved for reconsideration of that part of the magistrate's order requiring that the property used to secure the bond be unencumbered. After a hearing on August 8, the district court denied the motion, but stated that a corporate surety would be a satisfactory alternative to the secured appearance bond. Frazier timely appeals under 18 U.S.C. § 3145(c).

The issue before us is whether the district court erred in denying Frazier's motion for modification of bond to permit the posting of encumbered property. Under the Bail Reform Act of 1984, a judicial officer

> shall order the pretrial release of the person ... subject to the least restrictive further condition, or combination of conditions, that he determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(c)(2). Such order may include the condition that the person "execute an agreement to forfeit upon failing to appear as required, such designated property ... as is reasonably necessary to assure the appearance of the person as required." 18 U.S.C. § 3142(c)(2)(K).

The district judge determined that there was a risk of flight by Frazier. That finding is not challenged on appeal. Frazier requested that his bond be secured by encumbered real property owned by his parents which had an equity value of $80,000. No question was raised as to the accuracy of the equity estimate. What was at issue was the district judge's requirement that the property be unencumbered.

A fair reading of the record indicates that the district judge was concerned about whether the government could protect its lien interest if prior lienholders foreclose on the parents' real property. The government does not dispute this. We commented earlier on a requirement that a bond be secured by unencumbered property, but did not reach the merits of the issue. *See United States v. Stahl*, 753 F.2d 1511, 1512 (9th Cir.1985). We now do so.

There is no indication in the record that the district court determined this restrictive condition was reasonably necessary to ensure Frazier's appearance. Moreover, because the remaining equity in the real property exceeds the amount of the bond, there is no reason to assume that the deterrent effect of using this encumbered property as security is less than that of using unencumbered property. Although the government imaginatively suggests how the deterrent effect might be diminished, the district court does not appear to have maintained the condition as a means of ensuring Frazier's appearance.

Instead, the district court imposed the condition out of concern for the government's claimed inability to protect its lien

interest in the event of default in a prior lien. But this concern over the government's property interest is simply a matter among creditors; it does not, by itself, affect the deterrent effect on Frazier. Since the Bail Reform Act of 1984 nowhere authorizes consideration of the government's ability to collect on security, this concern is not a proper basis for imposing a further restrictive condition on Frazier's release.

We conclude that the district judge committed error by requiring the condition that the secured property be unencumbered since he did not determine that the condition was reasonably necessary to ensure Frazier's appearance. Frazier's motion should therefore have been granted. We reverse and remand the case to the district court with instructions to eliminate the condition that the property be unencumbered. This opinion is without prejudice to the further consideration of conditions of bail should such action be warranted.

REVERSED AND REMANDED.