**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edna B. MILES, Defendant-Appellant.**
**No. 16105.**

United States Court of Appeals
Seventh Circuit.
Aug. 1, 1968.

Anna R. Lavin, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Nicholas M. Karzen, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel, for appellee.

Before CASTLE, Chief Judge, SCHNACKENBERG and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Edna B. Miles, defendant, appeals from the judgment of the district court, sitting without a jury, convicting her on a one-count indictment charging that she and her co-defendant, Donald L. Junior, being postal service employees, unlawfully and willfully did steal, take, abstract and remove United States coins, the contents of a package intended to be conveyed by United States mail, in violation of Title 18, U.S.C. § 1709. Defendant was tried as an aider and abettor, found guilty, and sentenced to three years imprisonment. The sentence was suspended and defendant placed on probation providing that six months thereof be spent in a jail-type institution.

The evidence shows that during the evening hours of May 18, 1966, defendant and Junior were the only people in the immediate area of the Wisconsin parcel post section of the Main Post Office at Chicago, where packages going to the State of Wisconsin are sorted. This particular section was under the observation of postal inspectors. A decoy package, prepared by the inspectors, addressed to Flushing, New York, and bearing a return address in Walla Walla, Washington, containing marked United States coins was placed in a gurney of mail marked for the Wisconsin state scheme.

In due course, defendant and Junior received that gurney. Junior first came upon the decoy package and, after examining it, covered it with a larger package and had a short conversation with defendant. He then moved to the opposite side of the gurney. Defendant then threw the decoy package in the direction of Junior. Shortly thereafter, while defendant looked about the area, Junior bent into the gurney where his hands were in motion. Then, defendant and Junior had a conversation, Junior straightened up and started distributing mail as a supervisor passed the area.

Afterward on two occasions Junior again bent down into the gurney, coming up with a shiny object, which, after looking around, he put into his pocket. Defendant and Junior then left the area, but were stopped by postal inspectors a short distance away and taken into sepa-

rate rooms for questioning. During this time, Junior removed the marked coins from his pocket, as well as a ring which he had removed from another package.

Defendant testified at her trial. She denied any knowledge of the theft, stating that her conversation with Junior was personal. She advised Junior that a supervisor was coming because Junior tended not to be a hard worker. She denied observing Junior open the decoy package or knowing that anything was extracted and put into his pockets, including a certain ring.

Junior, who had pleaded guilty, testified in behalf of defendant. He denied that she assisted him, particularly as a lookout. But he admitted making a prior statement "involving" defendant.

1. Counsel for defendant contends that the court expressed reasonable doubt of her guilt and therefore should have entered a judgment of acquittal. He relies upon several statements made by the court to Mr. Murray, who represented defendant at the trial. According to the record, the following colloquy took place:

> The Court: I still have problems with whether or not the government has proved an aider and abettor case. This is quite another matter, but I don't have the problems on the basis of her testimony. * * *
>
> Mr. Murray: I would say, look, the supervisor is coming, let's get back to work because whether he is a hard worker or not, I don't want to see him get fired. I mean the evidence in this case is susceptible to a multitude of interpretations.
>
> The Court: Mr. Murray, it is certainly susceptible, of two interpretations, one of innonence and one of guilt, but not equally, not close.
>
> Mr. Murray: It doesn't have to be.
>
> The Court: It has to be sufficiently susceptible of innocence so that you cannot find the defendant guilty beyond a reasonable doubt.

In connection with defendant's testimony, the court stated:

> The Court: A roll of forty 25-cent pieces will not just fall out of there. It will take some extracting. In addition, as you have pointed out, there was stuffing, if you like, or filler in there, so it wouldn't rattle around. I just have to agree with Mr. Karzen [counsel for the United States] that it is inconceivable to me that Mrs. Miles didn't know what Mr. Junior was up to.
>
> This doesn't make her an aider and abettor, but it certainly casts doubt on the rest of her testimony when she says that she didn't know what I think she would have to be deaf, dumb and blind not to know under the circumstances.

■ From these statements we find no support for the first contention. The court as the trier of fact, in this case, must use its experience with people and events, weighing the probabilities presented by the evidence. Thus, assuming that in reaching its decision the court has "problems" with the evidence, its judgment reflects a weighing of all the evidence. If, by its judgment, the court is convinced beyond a reasonable doubt, we can require no more. Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Moreover, it is not the province of the Court of Appeals to retry the case, weigh the evidence or determine the credibility of witnesses. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ 2. Defense counsel has argued that the court considered illegal evidence, namely Junior's prior statement regarding defendant and a postal inspector's reference to a ring in Junior's pocket which he returned with the coins. In reviewing the evidence, the court stated in part:

> "* * * He is interrogated, he says yes, I took them and yes, the defendant Miles served as an aider and abettor, as lookout for what I was doing."

Thereafter the court agreed with defense counsel that the reference to Junior's statement was inadmissible as to defendant. However, counsel says the record is not clear that Junior's statement did not influence the court's judgment. We disagree. The record plainly shows that the court agreed the statement was inadmissible and therefore not material to its decision. United States v. Chase, 4 Cir., 372 F.2d 453, 460 (1967), relied upon by counsel is distinguishable by its facts. Accordingly, we hold the court considered the limited scope of the evidence in proper perspective. United States v. Oliver, 7 Cir., 363 F.2d 15, 19 (1966).

■ A postal inspector testified that earlier in the evening defendant was looking at Junior when he was placing a ring, taken from the mail, on his finger and "she was looking around to see if anybody was approaching the area". This evidence was stricken on motion of defense counsel. However, after hearing Junior testify and defendant deny guilty knowledge, the court reversed its ruling and the postal inspector's testimony was admitted. Her counsel contends that the court improperly used that testimony to supply a lack of proof. This court's decision in Bankers Life & Casualty Co. v. Guarantee Reserve Life Insurance Co. of Hammond, 7 Cir., 365 F. 2d 28, 33-34 (1966), is cited to us. There we held that disbelief of a person's testimony cannot support an affirmative finding that the reverse is true. However, that rule is inapplicable here. The limited purpose of the evidence was to challenge defendant's denial of knowledge, since evidence from which guilty knowledge might be found had been introduced. That fact clearly refutes any possibility that disbelief would be used to establish guilty knowledge.

For the foregoing reasons, the judgment, from which this appeal is taken, is affirmed.

Judgment affirmed.