**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert W. STANLEY, Defendant-Appellant.**

**No. 16472.**

United States Court of Appeals
Seventh Circuit.

May 9, 1969.

Rehearing Denied July 11, 1969.

Robert W. Stanley, South El Monte, Cal., for appellant.

Thomas A. Foran, U. S. Atty., Nicholas M. Karzen, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before DUFFY, Senior Circuit Judge, KILEY and SWYGERT, Circuit Judges.

DUFFY, Senior Circuit Judge.

In prosecuting this appeal, defendant has appeared pro se. He practiced law in the State of California and, apparently, had considerable trial experience. On this appeal, his main brief of sixty-three pages, and his reply brief of sixty-four pages were well prepared and evidenced a considerable degree of legal skill. However, in the trial below, he was represented by his personally selected counsel.

Defendant Stanley was convicted in a bench trial upon the charge of violating Title 18 U.S.C. § 2314, interstate transportation of stolen securities. It was the theory of the Government that the defendant helped procure the commission of the offense within the meaning of Title 18, U.S.C. § 2.

The indictment, as originally returned, charged Stanley, together with one Raaf and one Dillon, in Count I. It also charged Dillon alone in several counts involving separate transactions.

The Court severed Count I from the remaining Counts. Prior to trial, Dillon entered a plea of guilty to Count I and testified for the Government. Appellant and Raaf went to trial and both were found guilty. Raaf was placed on probation and did not appeal.

Stanley makes three assignments of error—1) admission of evidence for the purpose of showing he had committed a prior criminal offense; 2) alleged misconduct of Government counsel pertaining to a certain alleged confidential exhibit, and 3) failure to sever Stanley from codefendant Raaf.

The defendant strongly urges that it was prejudicial error for the trial court to admit, over objection, the testimony of Curtis Ray Michelson who had a long criminal record.

Michelson, a convicted bank robber whom defendant Stanley had represented on appeal, testified that he had a number of conversations with Stanley in July and August 1965 regarding the obtaining by defendant of securities that had been stolen by Michelson and also as to the disposition of such securities by the defendant. The Government tendered the testimony both to show intent and to show a similar design and pattern of conduct. The trial court admitted the evidence as bearing on the issue of defendant's intent.

Michelson testified that in April or May 1965, he retained Stanley to prosecute an appeal for him in a bank robbery case in California. Further, that in July 1965, Stanley told him that if he ever ran across any securities, bonds or travelers checks in his bank robberies, appellant could take care of them. Michelson further testified that on or about August 1, he had a similar conversation with the defendant; that on August 4 or 5, he brought to defendant Stanley's office $37,000 of stolen travelers checks. Stanley introduced him to another man in the office. Both Stanley and the other man said that they could get rid of the travelers checks in Chicago, Mexico City or Tokyo.

Defendant cites United States of America v. Magee, 7 Cir., 261 F.2d 609, 611, where we stated "The general rule is that evidence that accused has committed another crime independent of, and unconnected with, the one on trial is

inadmissible; it is not competent to prove one crime by proving another." However, we emphasized in that case that there are a number of exceptions to the general rule.

The trial judge here admitted the Michelson testimony only with reference to proving the element of intent, which is one recognized exception. The foundation for the rule which defendant seeks to invoke is not that the evidence of a prior crime is not relevant to prove the defendant did the act charged, but rather that its probative value is outweighed by its prejudicial effect.

This conclusion is based upon the assumption that the factfinder is unable to appropriately weigh the evidence. Hence, if this had been a jury trial, the admission of the Michelson evidence might well have been held error.

The Government introduced evidence to the effect that appellant and two others met and discussed arrangements for a transaction involving the sale of stolen securities. If the testimony were believed there was no apparent possibility that defendant would later argue that he was part of that conversation but did not realize the securities were stolen. Due to the nature of the conversation, this was simply inconceivable. In fact, defendant later denied the allegation that he was involved in any such conversation. The Government argues that intent was an element of the crime which they were obligated to prove, and therefore that exception to the prior crimes rule was available to them. The prior crime was introduced as part of the Government's case-in-chief.

It has been stated by Lord Sumner in Thompson v. The King, (1918), App.C. 221, 232: "Before an issue can be said to be raised, which would permit the introduction of such evidence so obviously prejudicial to the accused, it must have been raised in substance if not in so many words, and the issue so raised must be one to which the prejudicial evidence is relevant. The mere theory that a plea of not guilty puts everything in issue is not enough for this purpose.

The prosecution cannot credit the accused with fancy defenses in order to rebut them at the outset with some damning piece of prejudice."

In State v. Gilligan, 92 Conn. 526, 103 A. 649, 653, the Court pointed out that it violated the policy of the criminal law to permit evidence admissible solely to characterize an equivocal act when, in fact, the act alleged, under the facts of the case, was not equivocal. It would appear that a more appropriate procedure in this case would have been to deny the admission of the evidence until such time as the defendant attempted to cast some doubt on the issue of knowledge or intent in doing the act alleged (although it is difficult to even conceive of such a defense in view of the Government's case). See generally McCormick on Evidence, § 157, 1954 Ed.

But here the trial was to the Court. It is a well-established rule in most appellate courts that the admission of incompetent evidence over objection will not, ordinarily, be a ground for reversal if there was competent evidence sufficient to support the findings, since the judge will be presumed to have disregarded the inadmissible and relied on competent evidence. McCormick on Evidence, § 60 (1954 Ed.). Alexander v. United States, 241 F.2d 351 (8 Cir.).

In a very recent case, United States v. Menk, 406 F.2d 124 (7 Cir., November 21, 1968), this Court stated: "We therefore hold that the admission of such evidence constituted error, and if this had been a jury trial we would be compelled to reverse [Citing cases]. However, since this was a bench trial and since it appears from the record that the trial judge did not consider the erroneously admitted evidence in reaching his findings of fact, we hold that the error does not justify reversal."

In that case we further stated, "Although, we cannot probe the mind of the trial judge any more thoroughly, we likewise cannot presume error by inferring that he considered the improperly admitted evidence in reaching his findings."

In Menk, supra, we quoted from United States v. Bolden, 355 F.2d 453 at 456, cert. den. 384 U.S. 1012, 86 S.Ct. 1919, 16 L.Ed.2d 1018: "Trial judges are invariably called upon to conduct impartial trials despite whatever opinion they may have or which they may formulate during the course of the trial concerning the guilt or innocence of an accused. Such impartiality is precisely what is expected of them, and an experienced trial judge must be assumed capable of performing his essential function. In short, prejudice must be shown by trial conduct; it may not be presumed or inferred from the subjective views of the judge."

 The case at bar was tried by an able and long-experienced judge, and he must be presumed to have exercised the proper discretion in distinguishing between the improper and proper evidence introduced at the trial.

 We hold there was no reversable error due to the receipt of the Michelson testimony.

The second point urged by defendant involves the submission by the Government of a "confidential report." This evidence was produced in the first place because of defendant's request for information under the rule established in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

Confidential Exhibit No. 1 was tendered to the Court for an *in camera* inspection, pursuant to a motion made by the defendant. Furthermore, defendant has prefaced this assignment of error by advising the Court that his argument in this respect should be treated as withdrawn if he had "guessed" incorrectly as to the nature of the Exhibit. The reading of the document proved the Exhibit was, in fact, an informant's interview, and was not an investigative report of Mr. Casey. Although appellant has not withdrawn his argument, we find it without merit.

The third point argued by defendant is that the trial court erred by denying his motion for a severance of trial from the defendant Raaf. He asserted that a joint trial would prevent him from calling co-defendant Raaf as a witness in his own behalf.

 Whether there should be a severance is within the discretion of the trial court and a refusal of severance is not error unless an abuse of discretion is affirmatively shown. Stilson v. United States, 250 U.S. 583, 585, 40 S.Ct. 28, 63 L.Ed. 1154; United States v. Kahn, 7 Cir., 381 F.2d 824, 838. No such proof was made in this case.

In United States v. Echeles, 7 Cir., 352 F.2d 892, relied upon by defendant, it was held error to deny a severance when there was record testimony to indicate that one defendant had said that while he had participated in the crime, the other defendant had not. Here there is no indication that the affidavits revealed any reason why a severance was necessary in order that it be possible that the co-defendant testify. Therefore *Echeles* is distinguishable.

We hold there was no error by reason of the refusal to grant the motion for severance.

The judgment of the District Court is Affirmed.