**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dennis McCARTHY, Defendant-Appellant.**

**No. 72–1112.**

United States Court of Appeals, Sixth Circuit.

Nov. 24, 1972.

---

John R. Jones, Detroit, Mich. (Court appointed), for defendant-appellant.

John Patrick Conley, Asst. U. S. Atty., Flint, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and BRATCHER *, District Judge.

BRATCHER, District Judge.

This is an appeal by Dennis McCarthy from his conviction on Counts I and IV of a seven count indictment of knowingly and unlawfully selling and delivering depressant or stimulant drugs in violation of Title 21, United States Code, Section 331(q)(2). The trial judge, sitting without a jury, sentenced McCarthy to two years in the penitentiary on each count, to run concurrently.

The sole issue presented by appellant is whether objectionable testimony implicating appellant in the arrest for an unrelated and unconnected crime so prejudiced the trier of fact as to make a fair trial impossible.

McCarthy was tried with co-defendants Talbot and Megdall. Neither McCarthy nor Megdall testified or offered any witnesses in his behalf. However, co-defendant Talbot did elect to testify and also called several witnesses in an attempt to refute the Government's contention that he was one and the same person as a subject called "Scotty". At the trial "Scotty" was identified as the source of supply for the co-defendants.

The objectionable testimony grew out of direct examination by Talbot's attorney of one of his witnesses. The witness, John Whinnie, testified that he was present at a certain address with appellant when appellant was arrested by the police. This arrest occurred at a time subsequent to the alleged violation at issue before the Court. McCarthy's counsel objected; and the Court, after a reasonable inquiry into the purpose of the testimony, sustained the objection and struck the testimony from the record.

█ Evidence of collateral crime unconnected and unrelated with the offense charged is inadmissible. Such evidence

* The Honorable Rhodes Bratcher, United States District Judge for the Western District of Kentucky, sitting by designation.

is irrelevant and prejudicial since it ordinarily does not tend to establish the commission by the accused of the offense charged and its tendency to prejudice the trier of fact outweighs its probative value. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); United States v. Nemeth, 430 F.2d 704 (6th Cir., 1970); United States v. Poston, 430 F.2d 706 (6th Cir., 1970); and United States v. Wells, 431 F.2d 432 (6th Cir., 1970), certiorari denied 400 U.S. 967, 91 S.Ct. 380, 27 L. Ed.2d 388.

■ Clearly, the receipt of such testimony was improper and had the evidence of which appellant now complains been to the court and a jury, a more serious question would be presented. It is conceivable that the appellant would in such a circumstance be entitled to a new trial. But this was a bench trial and less stringent standards govern.

■ It is well settled that in a non-jury trial the introduction of incompetent evidence does not require a reversal in the absence of an affirmative showing of prejudice. The presumption is that the improper testimonial evidence, taken under objection, was given no weight by the trial judge and the Court considered only properly admitted and relevant evidence in rendering its decision. United States v. Krol, 374 F. 2d 776 (7th Cir., 1967), certiorari denied, 389 U.S. 835, 88 S.Ct. 46, 19 L.Ed. 2d 97; Fotie v. United States, 137 F.2d 831 (8th Cir., 1943); United States v. Dillon, 436 F.2d 1093, 1095 (5th Cir., 1971); United States v. Miles, 401 F.2d 65, 67 (7th Cir., 1968); Butler v. United States, 138 F.2d 977, 980 (7th Cir., 1943).

The trial court was cognizant of the rule regarding inadmissibility of evidence which tends to prove or proves the commission of crime wholly disconnected from the particular crime charged. The trial judge, in ruling on McCarthy's objection to the testimony, expressly stated:

"The Court: . . . it might well be that you could claim some prejudice in the event that this testimony was admitted. And I don't see the probative value, to begin with, and to commit some prejudice to your client for the purpose of letting in this testimony . . . it might be harmful. . . . "

■ Even if the Court had considered the objectionable testimony in finding McCarthy guilty, this does not automatically constitute reversible error. There was a sufficiency of proof to support the Court's finding in this case irrespective of the objected-to testimony. The admission of such evidence is deemed harmless if there is relevant and competent evidence to establish defendant's guilt in absence of the objectionable proof. United States v. Stanley, 411 F.2d 514 (7th Cir., 1969), certiorari denied, 396 U.S. 959, 90 S.Ct. 432, 24 L. Ed.2d 423; United States v. Reeves, 348 F.2d 469 (2nd Cir., 1965). Here, the trial judge agreed that the testimonial evidence was inadmissible and therefore was not material to the Court's decision. It follows that appellant was not prejudiced by the testimony and no reversible error was committed.

Our holding in this case should not be construed to mean that the reception of wholly incompetent evidence is permissible in a criminal trial had to the Court alone. All trials should be conducted fairly and trial courts should, in good faith, scrupulously attempt to observe well established rules of evidence. It is clear that the trial judge fulfilled his responsibility in this case.

The judgment of the District Court is affirmed.