**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Angelo KOKAS, Defendant-Appellant.**

**No. 71-1633.**

United States Court of Appeals,
Seventh Circuit.

Argued May 24, 1972.

Decided Aug. 4, 1972.

Rehearing Denied Sept. 19, 1972.

Certiorari Denied Jan. 8, 1973.
See 93 S.Ct. 904.

---

**568**

———◆———

Edward J. Calihan, Jr., Chicago, Ill., Roy M. Cohn, New York City, for defendant-appellant.

James R. Thompson, U. S. Atty., Richard J. Ciecka, John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before Mr. Justice CLARK*, KNOCH, Senior Circuit Judge, and KILEY, Circuit Judge.

KNOCH, Senior Circuit Judge.

Defendant-appellant, Angelo Kokas, was convicted in a bench trial, jury having been waived, on an indictment charging him with perjury in violation of Title 18, U.S.C. § 1621. This appeal followed. We affirm the conviction.

The circumstances briefly were as follows. In the trial of United States v. Cerone, et al., No. 69 CR 555, aff'd. 7 Cir., 1971, 452 F.2d 274, cert. den. Angelini v. United States, 405 U.S. 964, 92 S.Ct. 1169, 31 L.Ed.2d 240, a principal witness for the government testified to a meeting on July 2, 1965, in the course of which Angelo Kokas was allegedly told to report by telephone all bets of $50 or more, and was also told, "I know it's hard for you to go back and forth to the phone out at the race track." The testimony included assertions that appellant was a bookmaker at the race tracks who was receiving instructions from some of the defendants in the *Cerone* case.

Appellant in direct examination, by counsel for one of the defendants in the *Cerone* case, denied that the above described meeting ever took place. During cross-examination by the government, appellant said that the last time he was at any race track was, at the latest, in 1963.

Later the government called a witness who testified to seeing appellant at the Maywood Park Race Track on September 24, 1964, at Sportsman's Race Track on April 21, 1965, and April 22, 1965, from which the witness had ejected appellant on each occasion. Another witness testified that he saw appellant in the security office at Hialeah Race Track on January 31, 1966, and a few days later at the track. There was evidence he was ejected there, too.

Appellant contends that the government should have laid a foundation for any perjury charge by inviting appellant's attention to the apparent inconsistency to give appellant an opportunity to correct what may have been a mere misunderstanding or lapse of memory.

It is appellant's view that the prior testimony so clearly referred to Arlington Park, that his answer most likely was made with that track alone in mind. His testimony on cross-examination reads in the transcript as follows:

"Q. Have you ever spent in the past, Mr. Kokas, any time at the race track?

"A. Have I ever spent in the past?

"Q. Yes, sir.

* Associate Justice Tom C. Clark, United States Supreme Court, retired is sitting by designation.

"A. I think 1963 was the last time I was at a race track.

"Q. Pardon?

"A. 1963 I believe is the last time I was at a race track.

"Q. Where was that?

"A. Where was it?

"Q. Yes."

\* \* \* \* \* \*

"Q. What race track was the last one you were ever at?

"A. What race track? Arlington Park, I believe, or Hawthorne. I don't remember which one."

The care of the appellant in repeating questions and his specific answers to specific questions contraindicates any ambiguity. Similarly, when questioned again on direct examination, by counsel for another defendant in the *Cerone* trial, the testimony reads in the transcript as follows:

"Q. Were you working at the track in any capacity in the year 1965?

"A. No, ma'am.

"Q. Were you at the track?

"A. I couldn't get out at the track, no.

"Q. When was the last time you were ever at a race track?

"A. I believe it was 1963. I am not positive. 1963, the latest."

We do not have before us a case in which the government is in possession of prior inconsistent statements made in a single prior interview by a witness as in United States v. Letchos, 7 Cir., 1963, 316 F.2d 481, cert. den. 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57, on which appellant relies. Here we are concerned with alleged conduct over a period of years.

Further, nothing in the record indicates that at the time that appellant was testifying, the prosecutor was in possession of the material later presented in rebuttal in the *Cerone* case or at the subsequent trial of appellant.

Appellant would have us infer that the apparent falsity of his statement must have been known to the prosecutor at the time he was cross-examining appellant in the *Cerone* trial because Special Agent Shanahan of the F.B.I. was present in the courtroom when appellant testified.

At appellant's trial, Agent Shanahan testified that he sent Agent Rohmer to serve a grand jury subpoena on appellant, and that Agent Rohmer subsequently reported having a conversation with appellant. This was some nine months before the *Cerone* trial. Agent Rohmer had told Agent Shanahan that in the course of that conversation appellant complained of having been ejected from the Hialeah Race Track in 1966. In the *Cerone* trial, as indicated, and at appellant's own trial, the government did produce a witness who testified to appellant's presence at Hialeah in 1966.

At appellant's trial, his counsel, in examining Agent Shanahan elicited testimony that he was present at the *Cerone* trial, that he heard appellant testify, and that he knew appellant had a discussion in July 1969 about "being thrown off the track in '66, in Hialeah." Counsel did not take the examination a step further and ask whether Agent Shanahan had communicated this information to the prosecutor prior to or while he was cross-examining appellant. The prosecutor, James Casey was available but was not called as a witness at appellant's trial to ascertain when this information came to his knowledge. However, on recross-examination Agent Shanahan was asked whether he had informed the prosecutor in *Cerone* about the conversation with Agent Rohmer after appellant had testified, and he said, "Yes, I did."

Appellant asserts that he would not have considered himself to have been "on the tracks" unless he were in a position to place wagers and collect winnings and he points out that the testimony referred repeatedly to his being ejected from the tracks where he was seen. He feels that this view is supported by the fact that he had been at Sportsman's Race Track early in 1970 (which he says

he could not likely have forgotten so soon) in connection with labor negotiations for Local 25 of the Chicago Office, Theatre and Amusement Janitors Union, affiliated with Service Employees Union, AFL–CIO. He also notes that he used expressions such as "I believe," "I don't remember," and "I am not positive."

The District Judge considered these points and found them unpersuasive (as, incidentally, do we). Judge Parsons said he could not convince himself that appellant did not know he was being asked whether he had attended any tracks since 1963, and found the conclusion inescapable that appellant said knowingly that he had not been to the track, a track or any track since 1963.

We see no reason to depart from the established rule that this Court will not reweigh the evidence or redetermine the credibility of witnesses. United States v. Miles, 7 Cir., 1968, 401 F.2d 65, 67; United States v. Coduto, 7 Cir., 1961, 284 F.2d 464, 466, cert. den. 365 U.S. 881, 81 S.Ct. 1027, 6 L.Ed.2d 192.

The decision of the District Court is affirmed.

Affirmed.