**Donald Wayne MANIS, Buddy Wayne Day**

v.

**UNITED STATES of America, Ronald L. Johnson, Paul Hill, Douglas Tripp.**

**Civ. No. 3–78–400.**

United States District Court, E. D. Tennessee, N. D.

March 3, 1979.

Ronald E. Hedges, Knoxville, Tenn., for plaintiffs.

Philip P. Durand, Frank Q. Vettori, Knoxville, Tenn., for defendants.

John H. Cary, U.S. attorney, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case is a combination of claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs claim the various defendants caused plaintiffs to be arrested and prosecuted for bank robbery without probable cause. The complaint also alleges illegal searches and seizures, and excessive force in arresting the plaintiffs. The defendants are the United States of America, FBI agent Ronald L. Johnson, and the Sheriff and a Deputy Sheriff of Union County, Tennessee. All defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

The two federal defendants may be sued for allegedly tortious conduct exclusively under the Federal Tort Claims Act. 28 U.S.C. § 2679. A prerequisite to filing a lawsuit under the Federal Tort Claims Act is the presentation of the claim of injury to the appropriate Federal agency involved. 28 U.S.C. § 2675. Plaintiff's attorney attempted to comply with this requirement with a letter to the FBI dated December 30, 1977. This letter simply demanded one and one half million dollars for false arrest, abuse of process and false imprisonment, without giving *any* details or factual background for these claims.

The FBI's response to this letter was not a denial of the claim, but a request for more specific information pursuant to 28 C.F.R. § 14.4. Plaintiffs have failed to respond to the FBI's request for more information. Under these circumstances, plaintiffs have

not adequately presented their claim to the FBI and are therefore precluded from suing the United States and its agents at this time. *See* 28 C.F.R. § 14.4(b)(6); *Allen v. United States,* 517 F.2d 1328 (6th Cir. 1975). Therefore the motion to dismiss in behalf of the United States and defendant Johnson is sustained.

█ The two state defendants rely on the federal government's contention that plaintiffs are collaterally estopped from litigating the issue of whether the arrests and searches complained of were without probable cause. This issue was necessarily litigated before this Court in the plaintiffs' motion to suppress evidence during their criminal trial here. The evidence plaintiffs sought to suppress was obtained as a direct result of the arrests and searches complained of in this lawsuit. This Court, in admitting this evidence after a full and fair suppression hearing, necessarily decided that the arrests and searches were carried out legally, with probable cause. Since the probable cause issues has already been litigated fully in this Court, plaintiffs are estopped from relitigating them in a civil rights action. Therefore, the false arrest, malicious prosecution, illegal search and seizure, and abuse of process claims of plaintiffs as against all defendants are dismissed. For the benefit of the parties, the Court observes that the only portions of the complaint surviving the motions to dismiss are plaintiffs Day's and Manis's claims of excessive force and assault against defendants Hill and Tripp, since these allegations were not litigated in the criminal trial and are valid claims under 42 U.S.C. § 1983.

For the reasons stated above, it is ORDERED that the complaint against the United States of America and Ronald L. Johnson be, and the same hereby is dismissed. It is further ORDERED that the claims of false arrest, malicious prosecution, abuse of process and illegal search and seizure against defendants Paul Hill and Douglas Tripp be, and the same hereby are dismissed. It is further ORDERED that the motion to dismiss the claim of Day and Manis against defendants Hill and Tripp for excessive force be, and the same hereby is denied.

Order Accordingly.