991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shelton W. MCNEAL, Plaintiff-Appellant,
v.
SHELBY COUNTY SHERIFF, Defendant-Appellee.
 No. 91-5792.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1993.
 
 On Appeal from the United States District Court for the Western District of Tennessee, Western Division, No. 89-02146, Horton, J.
 W.D.Tenn., 769 F.Supp. 270.
 AFFIRMED.
 BEFORE GUY and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant, the Shelby County Sheriff, appeals a 42 U.S.C. § 1983 judgment and award of damages to plaintiff, Shelton W. McNeal, by the United States District Court for the Western District of Tennessee, Western Division.
 
 
 2
 In 1989, plaintiff Shelton W. McNeal, an inmate of the Shelby County Jail in Tennessee, brought a due process claim against Shelby County Sheriff Jack Owens and Chief Deputy Sheriff A.C. Gilless. McNeal's suit, filed pursuant to 42 U.S.C. § 1983, sought one million dollars in damages to redress the unprovoked beating by SWAT team officers McNeal sustained in the Shelby County Jail on November 7, 1988. McNeal charged that the beating occurred in the presence of Owens and Gilless, but that they did nothing to stop the punishment. Shortly after McNeal filed suit, the defense filed a suggestion of death on behalf of Sheriff Owens. Deputy Sheriff Gilless assumed Owens's position as Sheriff and thus, Gilless, in his official capacity, became the sole defendant in this suit.
 
 
 3
 Testimony adduced at the bench trial revealed that the cause of action arose when Owens and Gilless, escorted by SWAT team members and a police dog, visited McNeal's cell block in the Shelby County jail to discuss problems such as inmate fighting and overcrowding.
 
 
 4
 Upon arrival of the prison officials, McNeal and his fellow inmates were ordered into a sixty foot long rectangular area at one end of the cell block. In the course of his speech, the sheriff asked for a show of hands to establish which inmates had state penitentiary sentences pending against them. McNeal, who had been elected by his peers as the cell block spokesman, told the sheriff that there were no problems in the cell block and proceeded to ask when he could be transferred to a state penitentiary to serve his pending state sentence. In response to McNeal's interruption of the Sheriff's remarks, Chief Deputy Sheriff Gilless ordered SWAT team members to escort McNeal out of the cell block.
 
 
 5
 McNeal claims, and inmate witnesses corroborate his contention, that SWAT team members beat him with billy clubs. Prison medical records indicate that McNeal was treated that day in the prison medical facility for trauma to the head, chest and knee.
 
 
 6
 At trial, Sheriff Gilless denied knowledge of the beating, claiming he could not see into the hall from the cell block. SWAT team Sergeant Richard Paudert admitted scuffling with McNeal, but told the court that his altercation with McNeal lasted approximately thirty seconds, did not involve weapons and was provoked when McNeal punched his right eye. Paudert's wife corroborated her husband's story by telling the court her husband came home with a black eye that night, but no medical reports or photographs substantiated her testimony.
 
 
 7
 The district court found that McNeal showed:
 
 
 8
 ... by a preponderance of the evidence, that he was beaten by SWAT Team officers in the jail. As a result of the beating, Mr. McNeal suffered trauma to his head, chest and right knee. While Mr. McNeal may have irritated Sheriff Owens and other officials by talking when he should have been listening, his words were insufficient justification for the beating. While Sgt. Paudert is obviously a fine and dedicated officer, the Court does not, in this instance, find his testimony that Mr. McNeal hit him in his right eye with his fist to be credible. The court observed that Sgt. Paudert appeared, to the Court, to be somewhat uncomfortable while on the witness stand. The beating of McNeal occurred in the immediate presence of Sheriff Owens and officials accompanying him. They did nothing to stop the beating which caused a commotion which should have been obvious to all who were present in the area.
 
 
 9
 The unprovoked beating of Mr. McNeal by SWAT Team officers in the immediate presence of Sheriff Owens and other jail officials, who did nothing to stop the beating, constitutes a deprivation of rights secured to Mr. McNeal by the Constitution and laws of the United States.
 
 
 10
 McNeal v. Owens, 769 F.Supp. 270, 271 (W.D.Tenn.1991).
 
 
 11
 The court subsequently awarded $2,500 in damages against Sheriff Gilless, in his official capacity, to compensate McNeal for the unprovoked violence against him, as well as the resultant emotional distress and mental anguish.
 
 
 12
 The Sheriff now appeals, raising three assignments of error challenging the court's procedural actions and legal conclusions. Our review compels affirmance of the district court's judgment.
 
 I.
 
 13
 In his first assigned error, the sheriff contends that the district court improperly questioned witnesses. The sheriff concedes in his brief that defense counsel never objected to the court's questioning. Appellant's Brief, p. 7.
 
 
 14
 Plaintiff prisoner McNeal represented himself, pro se, throughout the bench trial of his 42 U.S.C. § 1983 action. During plaintiff's opening statement, the court interjected a number of questions for him to answer. The court essentially repeated the same questions during the plaintiff's later sworn testimony. The court also sua sponte questioned virtually every witness who testified at trial. Though he never objected at trial, the sheriff now complains that the court asked improperly leading questions and purportedly acted as the advocate of plaintiff, instead of as an impartial jurist.
 
 
 15
 In the absence of an objection at trial, a reviewing court must find the district court plainly erred in its conduct in order to reverse the judgment. United States v. Slone, 833 F.2d 595, 598 (6th Cir.1987); Mitchell v. M.D. Anderson Hospital, 679 F.2d 88, 91-92 (5th Cir.1982). Plain error exists only where the trial judge's interjection into the questioning of witnesses is so intrusive as to make a fair trial impossible. United States v. Slone, 833 F.2d at 598; Mitchell v. M.D. Anderson Hospital, 679 F.2d at 91-92. In a bench trial, however, we must note that the judge is presumed to have considered all the relevant and proper evidence before it, absent evidence to the contrary. United States v. McCarthy, 470 F.2d 222, 224 (6th Cir.1972); United States v. Hughes, 542 F.2d 246, 248 (5th Cir.1976); Community Action Group v. City of Columbus, 473 F.2d 966, 973 (5th Cir.1973).
 
 
 16
 A trial judge may reasonably intervene in a trial where: 1) judicial intervention is necessary to clarify complex issues; 2) judicial intervention is necessary to clarify issues obscured by the parties or attorneys; or 3) judicial intervention is needed to cope with a difficult, confused or unbelievable witness or where counsel fails to adequately probe a witness. United States v. Seago, 930 F.2d 482, 492 (6th Cir.1991); United States v. Slone, 833 F.2d at 597, citing United States v. Hickman, 592 F.2d 931, 933 (6th Cir.1979). When intervening, however, it is important that a judge conduct himself/herself appropriately. United States v. Slone, 833 F.2d 595, 597.
 
 
 17
 A presiding judge must always be dispassionate and impartial, carefully avoiding the appearance of advocacy. Rocha v. Great American Ins. Co., 850 F.2d 1095, 1100 (6th Cir.1988); United States v. Slone, 833 F.2d at 597; United States v. Smith, 831 F.2d 657, 663 (6th Cir.1987), cert. denied, 484 U.S. 1072 (1988). In the instant case, the court sought information from virtually every witness, including the plaintiff. The court's questions were informational and for clarification purposes, and did not appear to be an attempt to act as plaintiff's advocate. This is especially apparent in light of the fact that no jury was present and the court represented the sole trier of fact. FED.R.EVID. 611(a) charges the court with the responsibility of controlling the interrogation of witnesses in a manner to protect witnesses from harassment and undue embarrassment while efficiently eliciting the truth. Benedict v. United States, 822 F.2d 1426, 1430 (6th Cir.1987). A trial court has considerable discretion in implementing its responsibility. Benedict v. United States, 822 F.2d at 1430. FED.R.EVID. 614(b) permits the court to interrogate any witness to elicit the truth and ensure the issues are not misunderstood or obscured. Rocha v. Great American Ins. Co., 850 F.2d at 1100; United States v. Slone, 833 F.2d at 597; United States v. Smith, 831 F.2d at 663. FED.R.EVID. 611(c) permits the use of leading questions when necessary to develop a witness's testimony.
 
 
 18
 In the case at bar, the district judge presided over the bench trial of a cause of action brought by a pro se prison inmate. The district court sought to expeditiously elicit the truth underlying the action through its own interrogation of witnesses and the use of leading questions. There is no indication that these actions led the court to consider irrelevant or improper evidence. Further, there was no jury to confuse or mislead by the intervention of the court. Finally, the court's questioning did not restrict or inhibit the examination of each witness by the pro se plaintiff or the cross-examination by counsel for the sheriff. See United States v. Slone, 833 F.2d at 601. Thus, instead of making a fair trial impossible, we find the district court, to the contrary, expeditiously and thoroughly elicited the truth in the case at bar.
 
 
 19
 This court finds no reversible error.
 
 II.
 
 20
 In his second assigned error, the defendant charges the district court erroneously held him liable, in his official capacity, to McNeal. Defendant argues that an official capacity action is really a claim against a municipality. To create a constitutional violation needed to sustain such an action, defendant avers that the court would have to have found a custom or policy of abuse and not a single incident of abuse as alleged in this case. In addition, the sheriff argues that the plaintiff needed to show more than the mere proximity of the sheriff to the beating to hold him liable for any beating by SWAT team members. Finally, the defendant contends the SWAT team properly used force to restore order and security in a jail.
 
 
 21
 The court must conduct a de novo review of the district court's legal conclusions. Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991); McDermitt v. United States, 954 F.2d 1240, 1250 (6th Cir.1992). A 42 U.S.C. § 1983 action requires proof that: 1) defendant was an "official acting under color of state law;" and 2) the defendant official's conduct deprived plaintiff of a constitutional right or a right secured by federal law. Cassady v. Tackett, 938 F.2d 693, 695, citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 279 (6th Cir.1987). A sheriff, as a public official, acts "under color of state law" when he acts in his official capacity or exercises his responsibilities as required by law. West v. Atkins, 487 U.S. 42, 50; Cassady v. Tackett, 938 F.2d at 695; Christian v. Belcher, 888 F.2d 410, 414 (6th Cir.1989); Nishiyama v. Dickson County, Tenn., 814 F.2d at 279. In the instant case, the defendant, in his official capacity as sheriff, was present in plaintiff's cell block and in charge of the SWAT Team officers who bodily removed the plaintiff into the hall and beat him. Constitutional due process prohibits the government from acting arbitrarily and oppressively against individuals and gives such individuals a remedy against government officials pursuant to 42 U.S.C. § 1983. Nishiyama v. Dickson County, Tenn., 814 F.2d at 281. A 42 U.S.C. § 1983 action is thus appropriate to redress a sheriff's purported involvement in the use of excessive force against a prisoner. Manis v. United States, 467 F.Supp. 828, 830 (E.D.Tenn.1979).
 
 
 22
 To determine whether police use of force constitutes a constitutional deprivation actionable under 42 U.S.C. § 1983, we must consider: 1) if the force was warranted; 2) if the amount of force actually used exceeded the amount of force needed; 3) the extent of injury inflicted; and 4) whether police used the force in a good faith effort to maintain/restore discipline or to maliciously cause harm. Franklin v. Aycock, 795 F.2d 1253, 1258-1259 (6th Cir.1986). See McDowell v. Rogers, 863 F.2d 1302, 1306-1307 (6th Cir.1988), aff'd, 909 F.2d 1483 (1990); Lewis v. Downs, 774 F.2d 711, 713 (6th Cir.1985). A court must also consider the circumstances in which the use of force occurred. Lewis v. Downs, 774 F.2d at 713. Unjustified beatings of prisoners by prison officials give rise to 42 U.S.C. § 1983 liability. Franklin v. Aycock, 795 F.2d at 1258. Even where a prisoner attacks an officer, if the officer responds with more force than reasonably necessary, the officer can be subject to liability. Williams v. Liberty, 461 F.2d 325 (5th Cir.1972). The district court found that the plaintiff sustained a beating by prison guards and that there was no need to apply brutal force against him. FED.R.CIV.P. 52(a) prohibits the reversal of a district court's findings of fact unless they are clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1984); Chrysler Credit Corp. v. H & H Chrysler-Plymouth-Dodge, Inc., 927 F.2d 270, 274 (6th Cir.1991). A factual finding is clearly erroneous only where the reviewing court is convinced, based upon the entire evidence, that a mistake has been made. Anderson v. Bessemer City, 470 U.S. at 573, quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Chrysler Credit Corp. v. H. & H. Chrysler-Plymouth-Dodge, Inc., 927 F.2d at 274.
 
 
 23
 There is no evidence in the record to indicate that the district court clearly erred in finding plaintiff sustained a beating by prison guards. Further, the evidence supports the district court's finding that the police did not need to apply brutal force against McNeal. Even if McNeal had interrupted the sheriff's speech, the plaintiff's incarceration, the presence of prison officials, a SWAT team and a police dog should have been a sufficient deterrent to control any misbehavior without the use of violence. See McDowell v. Rogers, 863 F.2d at 1307 (court found need for force nonexistent where plaintiff was handcuffed and not trying to escape or to hurt anyone). Serious or permanent injury is not a requisite to a 42 U.S.C. § 1983 claim. McDowell v. Rogers, 863 F.2d at 1307. Thus, the district court did not err in finding that plaintiff sustained an unnecessary beating by prison guards.
 
 
 24
 A 42 U.S.C. § 1983 action is appropriate to redress an official's inaction, as well as action, under color of state law. Azar v. Conley, 456 F.2d 1382, 1387 (6th Cir.1972). Thus, an official exercising only supervisory authority can also violate a prisoner's due process rights. Nishiyama v. Dickson County, Tenn., 814 F.2d at 282 (a 42 U.S.C. § 1983 action was properly established against a sheriff who gave inmate full, unsupervised use of an official marked and equipped patrol car which inmate used in the course of a murder).
 
 
 25
 In the instant case, the sheriff's failure to supervise and control his subordinates' actions in striking the plaintiff inmate in his presence demonstrates a deliberate indifference, almost a tacit authorization, of the beating sufficient to incur 42 U.S.C. § 1983 liability. Bolin v. Black, 875 F.2d 1343, 1347 (8th Cir.1989), cert. denied, 493 U.S. 993; Stubbs v. Dudley, 849 F.2d 83, 85-87 (2nd Cir.1988), cert. denied, 489 U.S. 1034 (Where prison guard held liable for failing to prevent beating of inmate where he had the time to assess the threat and to act, but did not). The record before us discloses that though the sheriff had a clear view of the beating in the hall, he took no action to halt his men. We thus find the sheriff liable, pursuant to 42 U.S.C. § 1983, for his inaction in the fact of the violent and unprovoked beating of the plaintiff in contravention of due process of law. Bolin v. Black, 875 F.2d at 1347. See also McDowell v. Rogers, 863 F.2d at 1307; Franklin v. Aycock, 795 F.2d at 1258.
 
 
 26
 This assignment of error fails.
 
 III.
 
 27
 In his final assigned error, the defendant challenges the court's $2,500 damage award as excessive.
 
 
 28
 Once a constitutional violation is established, the court must look at the injury sustained and the appropriate means of redressing it. Parrish v. Johnson, 800 F.2d 600, 608 (6th Cir.1986). The plaintiff must prove the compensatory damages he is entitled to. Franklin v. Aycock, 795 F.2d at 1264. A prisoner in McNeal's circumstances, however, need not prove actual, lasting or severe injury to collect damages. Parrish v. Johnson, 800 F.2d at 603, 609-610.
 
 
 29
 In Franklin v. Aycock, a panel of this court affirmed a district court adjudication that prison officers removed plaintiff prisoner from his cell and kicked and beat him in violation of his constitutional rights. The appellate court also upheld the district court judgment which adjudicated the officers, in their official capacities, liable to plaintiff for $5,000 in compensatory damages, and the officer in charge individually liable for $5,000 in punitive damages. Franklin v. Aycock, 795 F.2d at 1257, 1259.
 
 
 30
 The plaintiff in the instant case established that he sustained physical injuries as a result of a SWAT team beating. The sheriff produced no credible evidence at trial to refute plaintiff's testimony and prison medical records. The court's $2,500 award against the sheriff, in his official capacity as the officer in charge, is well below the compensatory damage amount awarded in the similar circumstances set forth in Franklin v. Aycock, 795 F.2d 1253. Thus, we find the district court's damage award to be reasonable.
 
 
 31
 This assignment of error fails.
 
 
 32
 The judgment of the district court is hereby AFFIRMED.
 
 
 33
 RALPH B. GUY, Jr., Circuit Judge, concurring.
 
 
 34
 Although I agree that this appeal has to be dismissed for jurisdictional reasons, in the interest of judicial economy, I am concerned about what is going to happen in this case after the dismissal. The court's opinion expresses some concern about the "court's eleventh hour amendment of the pleadings." Slip op. at 4. I not only share this concern, but also have an additional concern in this regard. When a suit is changed from an individual capacity lawsuit to an official capacity lawsuit, much more is involved than a mere technical amendment. My view of the record in this case is that it would not support a judgment against the sheriff in his official capacity because the proofs were inadequate to demonstrate that the wrongdoing that occurred was the result of a policy adopted by the sheriff. In my view, the plaintiff intended to sue all of these defendants in their individual capacities, and this is yet another example of the problem we continue to have in these cases, especially where pro se plaintiffs are involved. See Ritchie v. Wickstrom, 938 F.2d 689 (6th Cir.1991).
 
 
 35
 Although our dismissal of this appeal on jurisdictional grounds makes anything else said dicta, nonetheless, I would urge the district judge and the parties to take a fresh look at this case in light of concerns expressed in this opinion, be they dicta or not.